**FORD MOTOR CREDIT COMPANY, Appellant,**

v.

**Armando GAMEZ, Jr., Appellee.**

**No. 5405.**

Court of Civil Appeals of Texas, Eastland.

May 15, 1980.

Rehearing Denied May 21, 1981.

Walter Conrad and Randall A. Hopkins, Baker & Botts, Houston, Rick F. Rogers, Jr., Porter, Gonzales & Rogers, Corpus Christi, for appellant.

Marcel S. Greenia, Corpus Christi, for appellee.

DICKENSON, Justice.

The question is whether the summary judgment proof established any of the seven violations of the Texas Consumer Credit Code[1], as found by the trial court.

Armando Gamez, Jr., sued Ford Motor Credit Company for alleged violations of the Texas Consumer Credit Code, supra, in connection with his purchase on June 2, 1975, of a new 1975 Ford Granada automobile from Tradewinds Ford Sales, Inc. of Corpus Christi. Gamez made a cash downpayment and financed the balance under a retail installment contract which was assigned to Ford Motor Credit Company by Tradewinds. The contract was paid in full shortly after this lawsuit was filed; however, there was no acceleration of maturity as to the contract, and no unearned finance charges were paid. After granting a partial summary judgment for seven "viola-

---

1. It should be noted that there is no Texas Consumer Credit Code within the meaning of the statutory revision program under Tex.Rev. Civ.Stat.Ann. art. 5429b–1 (Vernon Supp.1980). The trial court actually found violations of Tex. Rev.Civ.Stat.Ann. arts. 5069–7.07(1), 5069–7.- 03(1), 5069–7.06(3), 5069–7.06(5), 5069–14.- 17(a)(4), 5069–14.04(d) and 5069–8.02 (Vernon Pamphlet Supp.1979). For clarity and convenience we will refer to these statutes as the Texas Consumer Credit Code.

tions" of the Texas Consumer Credit Code, supra, and conducting a nonjury trial which was limited to the issue of attorney's fees, the trial court rendered judgment for Gamez for all of the principal ($5,587.19), all of the finances charge ($1,483.93), the $25.00 documentary fee, the $2.00 state inspection fee, and attorney's fees of $2,500.00. Ford Credit appeals. We reverse and remand.

Ford Credit has briefed ten points of error. Appellee Gamez has briefed one cross-point, seeking penalties under Chapter 14 of the "Code" in addition to the penalties which were awarded under Chapter 8 of the "Code." The cross-point need not be discussed in view of our holdings that the alleged "violations" were not established by the summary judgment proof.

■ Since these statutes are penal in nature, they must be strictly construed. *Commerce Trust Co. v. Best*, 124 Tex. 583, 80 S.W.2d 942, at 946 (Comm'n App. 1935, opinion adopted); *Hight v. Jim Bass Ford, Inc.*, 552 S.W.2d 490, at 491 (Tex.Civ.App.—Austin 1977, writ ref'd n. r. e.).

■ Ford Credit's first point of error is that the trial court erred in granting judgment for Gamez because the contract did not provide for acceleration of maturity under conditions expressly prohibited by the Consumer Credit Code. We agree.

Article 5069–7.07(1), supra, reads in pertinent part as follows:

No retail installment contract or retail charge agreement shall: (1) Provide that the seller or holder may accelerate the maturity of any part or all of the amount owing thereunder unless (a) *the buyer is in default on the performance of any of his obligations* or (b) the seller or holder in good faith believes that the prospect of payment or performance is impaired. . . . (emphasis added)

Paragraph 19 of the disputed contract provides in pertinent part as follows:

Time is the essence of this contract. In the event Buyer defaults in any payment, or fails to obtain or maintain the insurance required hereunder, *or fails to comply with any other provision hereof* . . .

Seller shall have the right to declare all amounts due *or to become due* hereunder to be immediately due and payable. . . . (emphasis added)

Our court recently discussed this question in *Tradewinds Ford Sales, Inc. v. Caskey*, 600 S.W.2d 865 (Tex.Civ.App.—Eastland, 1980), and concluded that:

The provision permitting acceleration if the buyer fails to comply with any provision of the contract essentially repeats the language of Article 5069–7.07(1)(a) and thus does not violate the code.

■ Points of error two and three are that the trial court erred in granting judgment for Gamez because the acceleration clause does not contract for or charge unearned finance charges and the contract does not provide for the collection of interest and/or time-price differential in excess of double the total amount allowed by the Consumer Credit Code. We sustain these points.

This problem was also discussed in *Tradewinds Ford Sales, Inc. v. Caskey*, supra, where we construed the identical contract provision as to a claim that it "contracted for" unearned finance charges. We held there, and we hold here, that the contract does not contract for the recovery of unearned finance charges and therefore, does not violate the Texas Consumer Credit Code. We must presume that the contracting parties intended to comply with the law and that they intended that unearned interest would not "become due" or be collected. *Smart v. Tower Land and Investment Company*, 597 S.W.2d 333 (Tex.1980); *Walker v. Temple Trust Co.*, 124 Tex. 575, 80 S.W.2d 935 (1935); Annot., 66 A.L.R.3d 650, at 676 (1975).

■ The fourth and fifth points of error contend that the trial court erred in granting summary judgment for Gamez because the contract clearly and conspicuously disclosed that physical damage insurance was required, either as a matter of law or in the alternative because there was a material issue of fact.

We sustain the fourth point, holding that as a matter of law the contract "clearly and conspicuously" discloses the requirement of physical damage insurance in compliance with Article 5069–7.06(3), supra.

The front side of the contract contains a statement in bold type, less than five inches above Gamez's signature, that:

Physical Damage Insurance is required by this contract. Buyer may choose the person through whom such insurance is obtained, and Buyer shall have the option of furnishing the required insurance through existing policies of insurance owned or controlled by him through any insurance company authorized to transact business in Texas.

This language is clear, and the requirement is conspicuous on the face of the contract.

■ The sixth and seventh points of error are that the trial court erred in granting summary judgment for Gamez because the contract did in fact disclose the term of the required physical damage insurance, either as a matter of law or in the alternative because there was a material issue of fact. We sustain the sixth point, holding that as a matter of law the contract disclosed that physical damage insurance was required for the contract term of 42 months, even though the policy which was financed was only for a term of 36 months. This requirement is clearly and conspicuously stated in paragraph 18 of the contract. Moreover, our Supreme Court held in *General Electric Credit Corporation v. Smail*, 584 S.W.2d 690, at 698 (Tex.1979), that Article 5069–7.-06(3) does not specifically require a disclosure that the insurance is required for the full term of the contract.

We need not discuss points of error number eight and ten in view of our holdings on the other points of error.

The ninth point of error is that the trial court erred in granting judgment for Gamez because the $25.00 documentary fee and the $2.00 inspection fee were in fact disclosed. We sustain this point of error. The "Retail Order for a Motor Vehicle" dated May 31, 1975, which was attached to Gamez's motion for partial summary judgment shows that these fees were disclosed

to him prior to his execution of the Retail Installment Contract on June 2, 1975. Moreover, Chapter 14 of the Consumer Credit Code (Arts. 5069–14.01 to 5069–14.-28) has been repealed. See *National Carloading Corporation v. Phoenix-El Paso Express, Inc.*, 142 Tex. 141, 176 S.W.2d 564, at 570 (Comm'n App. 1943, opinion adopted); *A 1962 International Truck v. State*, 503 S.W.2d 614 (Tex.Civ.App.—Eastland 1973, no writ).

The judgment of the trial court is reversed, and the cause is remanded. It is further ordered that this opinion not be published in accordance with Tex.R.Civ.P. 452.

## ON REHEARING

Our original opinion relied upon this court's holdings in *Tradewinds Ford Sales, Inc. v. Caskey*, 600 S.W.2d 865 (Tex.Civ. App.—Eastland 1980), —— S.W.2d ——, reversed, 24 Tex.Sup.Ct.J. 407 (May 13, 1981). The Supreme Court declared a violation of Tex.Rev.Civ.Stat.Ann. art. 5069–7.07(4) (Vernon Supp.1980), but it declined to discuss the other alleged violations. In this case there is no finding of a violation of Article 5069–7.07(4). Being convinced that the other holdings in *Caskey* are correct, we overrule appellee's motion for rehearing. It is further ordered that both opinions now be published in accordance with Tex.R. Civ.P. 452.