REDMAC LEASES, INC., Appellant,

v.

Henry J. LESSNER, Appellee.

No. 5459.

Court of Civil Appeals of Texas, Eastland.

July 3, 1980.

Rehearing Denied May 21, 1981.

---

Randall A. Hopkins, Baker & Botts, Houston, Terry Topham, Sawtelle, Goode, Davidson & Troilo, San Antonio, for appellant.

Jerry N. Dennard, San Antonio, for appellee.

1. It should be noted that there is no Texas Consumer Credit Code within the meaning of *the statutory revision program under Tex.Rev. Civ.Stat.Ann. art. 5429b-1* (Vernon Supp.1980). The trial court actually found violations of Tex.

DICKENSON, Justice.

The question is whether a retail installment contract violated the Texas Consumer Credit Code [1] by providing that if the buyer defaults: "Seller shall have the right to repossess the property wherever the same may be found with free right of entry" and that: "Any personalty in or attached to the property when repossessed may be held temporarily by seller without liability for return to buyer." Henry J. Lessner sued Redmac Leases, Inc. for alleged violations of the Texas Consumer Credit Code, supra, in connection with his purchase on September 13, 1978, of a new 1978 Ford automobile. There was a "trade in" of a 1969 Ford automobile, and the balance of the purchase price was financed on the Ford Motor Credit Corporation form, dated February 1978, which contains the provisions quoted hereinabove. Lessner has made all of the payments as they became due, and there have been no attempts to repossess the car. Lessner filed suit and moved for summary judgment, seeking "twice the time-price differential" and stipulated attorney's fees. Redmac moved for summary judgment that Lessner take nothing. The trial court rendered summary judgment for Lessner on June 12, 1979, for statutory penalties in the sum of $3,705.54 and attorney's fees of $750.00. Redmac appeals. We reverse and render.

Article 5069–7.07, supra, provides in pertinent part as follows:

No retail installment contract or retail charge agreement shall:

\* \* \* \* \* \*

(3) Authorize the seller or holder or other person acting on his behalf to enter upon the buyer's premises in violation of Chapter 9, Business and Commerce Code, as amended, or to commit any breach of the peace in the repossession of a motor vehicle;

Rev.Civ.Stat.Ann. arts. 5069–7.07(3) and 5069–7.07(4) (Vernon Pamphlet Supp.1979). For clarity and convenience we will refer to these statutes as the Texas Consumer Credit Code.

(4) Provide for a waiver of the buyer's rights of action against the seller or holder or other person acting therefor for any illegal act committed in the collection of payments under the contract or agreement or in the repossession of a motor vehicle. . . .

We note that this article was amended in 1979 to expressly allow a contractual authorization for the seller or holder to retain "tangible personal property that is not subject to a security interest and that is acquired in the repossession of a motor vehicle" if certain requirements are met. That amendment does not apply to this 1978 transaction. The statutory language quoted above was in effect at that time, and it has not been amended, except to replace the word "unlawfully" with the specific reference to the Business and Commerce Code.

■ Redmac's first two points of error assert that the trial court erred in granting judgment for Lessner "because the contract did not authorize appellant to enter appellee's premises unlawfully or to commit a breach of the peace in the repossession" and "because the 'free right of entry' language found in the contract serves to limit the seller to his right of repossession under the Texas Business and Commerce Code rather than expanding the seller's rights in effecting repossession of the collateral." We agree. As we read the contract, seller can exercise its right to repossess the property if, but only if, the property "may be found with free right of entry." The contract does not authorize repossession unless there is free right of entry to the automobile. The contract does not expand the right of repossession, and it does not authorize a breach of the peace. Consequently, it does not violate the provisions of Article 5069–7.-07(3), supra. See *Tradewinds Ford Sales, Inc. v. Caskey*, 600 S.W.2d 865 (Tex.Civ. App.—Eastland 1980, writ pending) (not yet reported), and the authorities discussed therein.

■ Redmac's third point of error contends that the trial court erred in granting judgment for Lessner "because the 'personalty' provision of the contract does not waive any rights of action for illegal acts that might be committed in the repossession of the collateral." We sustain this point of error. The contract provides that any personalty contained in the automobile "may be held temporarily by seller without liability for return to buyer." We hold that this provision does not violate Article 5069–7.-07(4), supra. See our discussion of a similar provision as not violating this statute in *Tradewinds Ford Sales, Inc. v. Caskey*, supra.

The judgment of the trial court is reversed, and we render judgment that Henry J. Lessner take nothing from Redmac Leases, Inc. It is further ordered that this opinion not be published in accordance with Tex.R.Civ.P. 452.

## ON REHEARING

DICKENSON, Justice.

Our original opinion relied upon this court's holdings in *Tradewind Ford Sales, Inc. v. Caskey*, 600 S.W.2d 865 (Tex.Civ. App.—Eastland 1980), *reversed*, 24 Tex.Sup. Ct.J. 407 (May 13, 1981). In *Caskey* the Supreme Court declared a violation of Tex. Rev.Civ.Stat.Ann. art. 5069–7.07(4) (Vernon Supp.1980) by contractual language which stated:

Any personalty in or attached to the property when repossessed may be held by Seller without liability and Buyer shall be deemed to have waived any claim thereto unless written demand by certified mail is made upon Seller within 24 hours after repossession.

See also *Zapata v. Ford Motor Credit Corporation*, 615 S.W.2d 198, 24 Tex.Sup.Ct.J. 377 (1981), which discussed the identical provision and held that the first part of the clause "merely restates the bailor-bailee relationship existing at common law with respect to personalty in a repossessed vehicle," but that the second part of the clause violated Article 5069–7.07(4) under the doctrine of trespass ab initio.

In this case the contract does not provide for a waiver of claims. It states:

Any personalty in or attached to the Property when repossessed may be held temporarily by Seller without liability for return to Buyer.

We construe this language to mean that Seller is to return such personalty to Buyer and that there is no liability for holding it temporarily. As such, it merely restates the bailor-bailee relationship existing at common law with respect to personalty in a repossessed vehicle. *Zapata v. Ford Motor Credit Company*, supra.

Appellee's motion for rehearing is overruled. It is further ordered that both opinions now be published in accordance with Tex.R.Civ.P. 452.