**William E. PEDEN, Appellant,**

v.

**RYAN OLDSMOBILE, INC., Appellee.**

No. 18296.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 25, 1980.

George C. Sims, Fort Worth, for appellant.

Norman & Bates and Roger M. Norman, Cantey, Hanger, Gooch, Munn & Collins, and John F. Taylor, Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

This case deals with a motor vehicle installment sales contract and whether or not certain provisions of that contract violate the Texas Consumer Credit Code, art. 5069–7.07(1)—Prohibited Provisions.

Purchaser William E. Peden, believing himself to be aggrieved—though not damaged—by the inclusion of provisions for default, numbers 12 and 13 in an installment

sales contract, brought suit against the seller, Ryan Oldsmobile. Their contract was for the purchase by Peden of a 1978 Mercedes automobile. Peden's suit was for the collection of penalties provided by Tex.Rev. Civ.Stat.Ann. Title 79, "INTEREST–CONSUMER CREDIT–CONSUMER PROTECTION", Subtitle Two, "CONSUMER CREDIT", Chap. 8, "Penalties", art. 5069–8.01, "Contracting for, charging or receiving interest, time price differential or other charges greater than authorized; failure to perform duty or committing prohibited act; correction of violations".

Trial was to the court. Judgment was for Ryan, that plaintiff Peden take nothing by his suit. Peden has appealed.

We affirm.

Provisions 12 and 13, the contested contractual provisions, define events of default by the buyer. The occurrence of such an event creates a right of acceleration in the seller. Once declared, the entire outstanding indebtedness immediately becomes due.

Peden was never in default. Ryan never attempted to enforce the provisions. Peden does not allege damage. He bought the automobile in February and filed suit against Ryan six months later, asserting, due to the offending nature of the contractual provisions, that he was entitled to the statutory penalties provided by art. 5069–8.01 of the Consumer Credit Code.

The challenged contractual provisions are:

"12. Buyer shall be in default under this combined security agreement upon the happening of any of the following events or conditions:

"A. Default in the payment or performance of any note obligation, covenant or liability contained or referred to herein.

"B. Loss, theft, substantial damage, destruction, sale or encumberance to or of any of the collateral, or the performance of the note, and security agreement is impaired.

"C. Any time the seller believes that the prospect for payment of the indebtedness secured hereby or the performance of the note, and security agreement is impaired.

"D. Death, dissolution, termination of existence, insolvency, business failure, appointment of a receiver for any part of collateral, assignment for the benefit of creditors or the commencement of any proceeding in bankruptcy or insolvency law by or against Buyer or any guarantor or surety of Buyer.

"13. Upon the occurrence of any event or condition of default set forth above, the seller may declare the entire indebtedness secured hereby immediately due and payable and may proceed to enforce payment of same."

Peden alleged these provisions to have violated Art. 5069–7.07, which provides in part:

"No retail installment contract or retail charge agreement shall:

"(1) Provide that the seller or holder may accelerate the maturity of any part or all of the amount owing thereunder unless (a) the buyer is in default on the performance of any of his obligations or (b) *the seller or holder in good faith believes that the prospect of payment or performance is impaired*; ...." (Emphasis supplied.)

Violation of 7.07 gives rise to penalties under Art. 5069–8.01, which provides, in pertinent part, as follows:

"(b) Any person who violates this Subtitle or Chapter 14 of this Title by ... (II) committing any act or practice prohibited ... shall be liable to the obligor for a penalty in an amount equal to twice the time price differential or interest contracted for ... but not to exceed ... and reasonable attorneys' fees fixed by the court."

We hold the evidence to have supported the court's findings of fact. We find ourselves in accord with the trial court's con-

clusions of law upon the fact findings made. Deeming both sources helpful to resolution of this appeal, we quote therefrom:

From the court's Findings of Fact:

"5. The acceleration provisions in sub-sections 'b' and 'd' of sub–paragraph 12 on the back page of the agreement are a *clarification* of sub–section 'd' to the effect that 'Any time the seller believes the prospect for payment of the indebtedness secured hereby or the performance of note and security agreement is impaired.' (Emphasis supplied.)

"6. The four sub–sections of sub–para-graph 12 on the back of the agreement are all actions which would reasonably make a creditor feel inse-cure."

From the court's Conclusions of Law:

"9. The accelerations provisions of the contract do not violate section 7.07(1) of the Texas Consumer Code.

"3. The acceleration allegations con-tained in Plaintiff's petition are cov-ered by the Doctrine of De Minimis Non Curat Lex."

Admittedly, under the Consumer Credit Code, the Legislature's intent was to go further than the time honored attempts to control usury. This intent was manifested by the enactment of Art. 5069, subsections 7.07 and 8.01. Additionally, while being somewhat careful to abstain from interfer-ence with the freedom to contract, the Leg-islature has, nevertheless, as applied to con-sumer contracts, ventured to control the provisions thereof, paying particular atten-tion to the areas of usury, acceleration, and default. This was accomplished by statuto-ry devices affording the consumer or bor-rower a cause of action upon discovery that his seller or lender had failed to provide a loan or purchase contract whose provisions were in complete compliance with the law. (The action is afforded even where the con-sumer or borrower has knowledge of the statutory deficiencies at the time of con-tract.) Should the borrower or consumer be successful in demonstrating this lack of con-formity, the law rewards his efforts through provision of statutory penalties and attorney's fees. The consumer need not prove damages. The degree of care exer-cised by the seller or lender is neither an issue nor a defense; his "innocence" is im-material.

Under Tex.Rev.Civ.Stat.Ann. Title 1, "General Provisions", on CONSTRUCTION OF LAWS, it is observed under art. 10, "General rules", that:

"8. The rule of the common law that statutes in derogation thereof shall be strictly construed shall have no application to the Revised Statutes; but the said statutes shall constitute the law of this State respecting the subjects to which they relate; and the provisions thereof shall be liber-ally construed with a view to effect their objects and to promote jus-tice."

The Legislature has directed the courts to exercise liberal construction. This mandate is tempered, however, by the accompanying instruction to construe so as to promote justice. The duty of the trial court and this court, in light of these directives, is to con-strue the law so as to accomplish justice. Where there has been no abuse of discretion by the trial court its judgment is not to be disturbed on appeal. We hold that the trial court did not err in this instance.

Of Peden's remaining points of error only that attacking the court's finding of Ryan's establishment of the statutory defense of bona fide error might be sustained. Yet even that would avail him nothing, failing as it would to vitiate the judgment or result in its reversal. The other points of error have been severally considered and over-ruled.

Judgment is affirmed.