FORD MOTOR CREDIT COMPANY, Appellant,

v.

Marie W. CORLEY, Appellee.

No. 1707.

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 12, 1981.

Rehearing Denied March 5, 1981.

Rick Rogers, Porter, Gonzalez & Rogers, Corpus Christi, Randall A. Hopkins, Walter Conrad, Jr., Baker & Botts, Houston, for appellant.

C. M. Henkel, III, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This case involves alleged violations of the Texas Consumer Credit Code, Tex.Rev. Civ.Stat.Ann. art. 5069–2.01 et seq. (Supp. 1980), hereinafter referred to as the "Credit Code." This is a companion case to *Ford Motor Credit Company v. Tanya McDaniel*, 613 S.W.2d 513, this day decided by this Court. The identical issues involved in this appeal were presented to this Court in *McDaniel*. The reasoning and holdings in *McDaniel* control the disposition of this appeal.

On September 1, 1977, Marie W. Corley purchased a new 1977 Ford Granada from Tradewinds Ford Sales, Inc., in Corpus Christi, Texas. The purchase was financed by the execution of a retail installment contract, which was assigned to Ford Motor Credit Company. Corley filed this suit on July 18, 1979, alleging violations of the Texas Consumer Credit Code and the Federal Consumer Protection Act. The trial court did not find any violation of the Federal Consumer Protection Act.[1] After a trial on the merits on the issue of attorney's fees, a final judgment was rendered, which awarded Corley a recovery in the amount of $8,824.76 against Ford Motor Credit Compa-ny. The recovery included a penalty of twice the time-price differential involved, and a forfeiture of the principal balance and interest, plus attorney's fees. Ford Motor Credit Company appeals.

That portion of the judgment of the trial court in *McDaniel* which awarded plaintiff-appellee a recovery of a certain sum of money as a forfeiture of the principal bal-ance due under the contract pursuant to the penalty provisions of Article 5069–8.02 of the Credit Code was reversed, and judgment was rendered that plaintiff-appellee take nothing on her claim that the contract violated the Credit Code by permitting the collection of unearned interest upon default. That portion of the judgment of the trial court in *McDaniel* which held that there was a violation of Article 5069–7.-07(4), and which awarded plaintiff-appellee attorney's fees, and a recovery computed to twice the time-price differential in accordance with the penalty provisions of Article 5069–8.01 was affirmed.

For the same reasons set forth by us in *McDaniel*, that portion of the trial court's judgment in the case at bar which awarded Marie W. Corley, plaintiff-appellee, the sum of $5,907.30, as a forfeiture of the principal balance due under the contract pursuant to the penalty provisions of Article 5069–8.02 of the Credit Code is reversed, and judgment is here rendered that plaintiff-appellee take nothing upon her claim that the contract violated the Credit Code by permitting the collection of unearned interest upon default. The remainder of the judgment, which, among other holdings, held that the language in the contract violated Article 5069–7.07(4) of the Credit Code, and which awarded plaintiff-appellee attorney's fees, and $2,917.46[2] (twice the price differential) as a penalty pursuant to Article

---

1. See, *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980).

2. The judgment of the trial court under Article 5069–8.01(b) should have been in the amount of $2,000.00. Such penalty follows from the language of 8.01(b) that allows a penalty of "twice the time price differential or interest contracted for, charged, or received but not to exceed $2,000 in a transaction in which the amount financed is $5,000 or less..." The amount financed appears from the record to be $4,658.57. No point of error has been raised by appellant in regard to the amount of the judgment, and since the error is not fundamental, reversible error does not appear in the record. Rule 434, T.R.C.P.

5069–8.01 of the Credit Code, is, in all respects, affirmed.

All points relating to the asserted error by the trial court in holding that the language in the contract allowed the collection of unearned interest upon default are sustained. All asserted points of error which complain of the trial court's holding that the language in the contract constituted a violation of Article 5069–7.07(4) of the Credit Code are overruled. It is not necessary that we reach or decide the remaining points.

Costs incurred in this appeal are assessed 50% to defendant-appellant, and 50% to plaintiff-appellee.

The judgment of the trial court is AFFIRMED IN PART and REVERSED AND RENDERED IN PART.