**William H. WOOLARD, Appellant,**

v.

**TEXAS MOTORS, INC., et al., Appellees.**

No. 18459.

Court of Civil Appeals of Texas, Fort Worth.

May 21, 1981.

Carl E. Mallory, Fort Worth, for appellant.

Akin, Gump, Hauer & Feld and Paul E. Galvin, Dallas, Baker & Botts, Randall A. Hopkins and Lee H. Gudel, Houston, for appellees.

## OPINION

SPURLOCK, Justice.

This is a suit seeking to recover the statutory penalties on a contract alleged to be usurious.

William Woolard purchased a truck from Texas Motors, Inc. To finance the purchase the parties executed a retail installment contract. The contract was later assigned to Ford Motor Credit Company. It is Woolard's contention that this contract, on its face, violates three sections of Chapter 7 of the Texas Consumer Credit Code (Tex.Rev. Civ.Stat.Ann. art. 5069–7.01 et seq. 1971), is unconscionable, and violative of public policy.

At trial all parties moved for summary judgment. Woolard's motion was denied; Texas Motors' and Ford Motor Credit Company's was granted.

Woolard appeals from the granting of appellees' summary judgment, raising five points of error. We overrule each point and affirm the judgment.

Woolard's first contention is that the trial court erred in failing to find that the contract violates the maximum time-price differential authorized by Tex.Rev.Civ.Stat. Ann. art. 5069–7.03 (Supp.1980).

Paragraph 19 of the contract provides:

"19. DEFAULT

"Time is of the essence of this contract. In the event Buyer defaults in any payment, or fails to obtain or maintain the insurance required hereunder, or fails to comply with any other provision hereof, or

Seller in good faith believes that the prospect of payment or performance hereunder is impaired, *Seller shall have the right to declare all amounts due or to become due hereunder to be immediately due and payable . . . ."* (Emphasis added.)

Woolard does not contend that the appellees received usurious interest; Woolard's usury claim is based on his contention that the note is usurious on its face because under hypothetical circumstances it allows the holder to receive more than the lawful rate of interest. The statute providing penalties for usury applies in the disjunctive to either a contract for, a charge of, or receipt of usurious interest and any one of these triggers the penalties provisions. *Smart v. Tower Land and Investment Company*, 597 S.W.2d 333 (Tex.1980).

Woolard contends that the Chapter 19 acceleration clause is potentially usurious in that an acceleration early into the pay-off period would result in the holder having an immediate right to the entire amount of interest due on the note, unearned as well as earned, resulting in an interest charge over twice the amount allowed by law.

█ It is evident that if this provision, when construed in the light of all other provisions of the contract, was intended by the parties to actually furnish the means by which a lender would be able to realize a sum as interest in excess of the amount allowed by law, the contract was usurious.

In *Walker v. Temple Trust Co.*, 124 Tex. 575, 80 S.W.2d 935, 936–7 (1935) the Supreme Court stated the general guidelines to be followed in determining whether or not a contract contains usurious provisions.

"The determination of whether or not usury exists in a contract is a matter involving first and pre-eminently the principle which is the polestar of construction, to wit: The ascertation of the dominant purpose and intention of the parties embodied in the contract, interpreted as a whole, in the light of the attending circumstances and the governing rules of law which presumptively they intended to observe and obey in making the contract.

"It is fundamental that to constitute usury there must exist an intention to exact more for the use, forbearance, or detention of money than the maximum allowed by law. Of course where the contract 'upon its very face imports usury, as by an express reservation of more than legal interest, there is no room for presumption, for the intent is apparent.' When, however, as here, the presence of usury is sought to be established by an isolated provision of an extensive contract, the true meaning of such provision must be arrived at by interpreting the language of the specific stipulation in harmony with and as a part of the dominant intent evidenced by the contract in all its parts and as a whole. It is erroneous to say that any contingency, even though within the literal words of the contract, by which the lender may get more than the lawful rate of interest, makes the contract usurious, when such contingency is evidenced only by some isolated provision of a general contract, without inquiring further to determine the real meaning of such isolated stipulation in the light of the true intention of the parties. To give arbitrary force to some separate stipulation in the contract, without further inquiry, is to depart from the master principle of construction—the ascertainment of the real intention of the parties.

"*[W]hen the contract by its terms, construed as a whole, is doubtful, or even susceptible of more than one reasonable construction, the court will adopt the construction which comports with legality.* It is presumed that in contracting parties intend to observe and obey the law. For this reason the court will not hold a contract to be in violation of the usury laws unless, *upon a fair and reasonable interpretation of all its terms, it is manifest that the intention was to exact more interest than allowed by law.* 'In short, the general rule of interpretation and construction of such contracts may be said to be that the contract is not usurious when it may be explained on any other reasonable hypothesis.' 66 C.J. p. 173." (Emphasis added.)

■ We conclude, after a close examination of the entire contract and paragraph 19 in particular, that the collection and retention of unearned finance charges was not intended.

Woolard cites this court to the Texas Supreme Court case of *Smart v. Tower Land and Investment Company*, 597 S.W.2d 333 (Tex.1980) where a contract was found to contain usurious provisions. Woolard urges that the proper test to adopt is the one used in *Smart*. That court noted that where the clear and positive language of the contract provided for collection of unearned interest in addition to the principle balance due, the contract was usurious.

However, in addition to an acceleration clause, the contract discussed in *Smart* contained the following language: " 'The maker hereof is not now nor shall he ever be personally liable on this note, but the payees or other holders of this note shall never be obligated to refund any payment of interest or principle after such payment has been made.' " 597 S.W.2d at 340.

The *Smart* court stated that whether the inclusion of an acceleration clause, with the attendant contingency that excess unearned interest may be collected or retained, makes a contract usurious was a question of construction. Additionally, the court laid out the established rule of presumption of legitimacy. "[I]t will be presumed that the parties intended a nonusurious contract. The contract ... will not be found usurious on its face unless it expressly entitles the lender, upon the happening of a contingency or otherwise, to exact interest at a rate greater than that allowed by law." 597 S.W.2d at 341.

In construing that contract the *Smart* court, noting the above mentioned "no refund" clause, stated: "[W]e are unable to presume Tower intended a nonusurious contract.... *The note is not merely silent whether prepaid interest will be credited or refunded upon acceleration. It provides that interest will not be refunded....*" 597 S.W.2d 341.

The contract we deal with is silent as to whether or not interest will be collected and

retained in excess of that allowed by law. While the acceleration clause is certainly susceptible of a usurious construction the Supreme Court has repeatedly ruled that that alone is insufficient. What Woolard must do here is more than merely establish a hypothetical construction that supports usury. Woolard must overcome the presumption that the collection of usurious interest was not intended. This he has failed to do.

■ In his next points Woolard complains of the contractual provision providing, upon default, that the "Seller shall have the right to repossess the property wherever the same may be found with free right of entry."

Woolard contends that this provision is unconscionable, and that it violates Tex. Rev.Civ.Stat.Ann. art. 5069–7.07(3) (1971) as well as the public policy of this state.

Art. 5069–7.07(3) provides:

*"PROHIBITED PROVISIONS*

"No retail installment contract or retail charge agreement shall:

"(3) Authorize the seller or holder or other person acting on his behalf to enter upon the buyer's premises unlawfully or to commit any breach of the peace in the repossession of a motor vehicle."

Woolard contends that the purpose of this contractual provision is to deny a purchaser a cause of action for trespass should one occur in the course of a repossession.

We disagree and construe the words "wherever the same may be found with free right of entry" as words of limitation.

Had the clause simply read: "Seller shall have the right to repossess the property wherever the same may be found" we would be inclined to find an unlawful purpose. We don't read "with free right of entry" as attempting to create a contractual right to break the law by allowing trespass. Instead, we read it as a limitation; one that recognizes public policy favoring peaceful, non-trespass repossessions. By contract the seller retains the right to repossess the property but only where it is found with "free right of entry." We overrule Woolard's points of error regarding this provision.

■ In the remaining point of error Woolard alleges that the contract violates Tex. Rev.Civ.Stat.Ann. art. 5069–7.07(6) (1971) by containing the following language in paragraph 20:

"This contract constitutes the entire agreement between the parties and no modification hereof shall be valid in any event, and Buyer expressly waives the right to rely thereon, unless made in writing signed by Seller...."

This is a standard "merger" or "integration" clause. Woolard claims that this clause violates the Code by requiring a buyer to agree not to assert claims arising out of the sale. We disagree.

Paragraph 20 does not provide an exemption under which a seller may escape liability from the penalties provided by Article 5069. Instead the provision only states that the retail installment contract as written cannot be modified, except by another writing; a purpose in keeping with long-standing Texas law under the parol evidence rule.

That rule has been stated by the Supreme Court as follows:

"When parties have reduced their contract to writing, and the terms and conditions of the written instrument are expressed without uncertainty as to the subject matter and nature of the contract, the writing is presumed to contain the whole of the agreement, and contemporaneous parol evidence is not admissible to contradict or vary the terms of the written instrument. *Self v. King*, 28 Tex. 552." *Lewis v. East Texas Finance Co.*, 136 Tex. 149, 146 S.W.2d 977, 980 (1941).

Woolard alleges that the provision is nonetheless invalid in that it attempts to waive the buyer's right to enforce any express warranties that might arise under Tex.Bus. & Comm.Code Ann. § 2.313 (1968).

We note that sec. 2.313 is also governed by sec. 2.202 which provides express statutory authorization for the use of integration

or merger clause such as the one involved here.

Sec. 2.202 provides as follows:

*"Final Written Expression: Parol or Extrinsic Evidence*

"Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented

"(1) by course of dealing or usage of trade (Section 1.205) or by course of performance (Section 2.208); and

"(2) by evidence of consistent additional terms *unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement."* (Emphasis added.)

We find paragraph 20 of the contract to be a standard integration clause, one that does not operate as a disclaimer, limitation, or waiver of warranty rights. We overrule Woolard's final point of error.

Judgment affirmed.