**DUB SHAW FORD, INC., Appellant,**

v.

**Linda L. JACKSON, Appellee.**

**No. 18482.**

Court of Appeals of Texas, Fort Worth.

Oct. 15, 1981.

Baker & Botts and Lee H. Gudel, Houston, Akin, Gump, Strauss, Hauer and Feld & Paul E. Galvin, Dallas, for appellant.

Carl E. Mallory, Arlington, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

OPINION

MASSEY, Chief Justice.

This appeal is from a judgment in favor of a purchaser of an automobile under a motor vehicle installment sales contract in whose suit was alleged violations of the Texas Consumer Credit Code, art. 5069–7.07 —Prohibited Provisions.

Purchaser Linda L. Jackson (hereafter Buyer) challenged specific language of the sales contract by which she agreed to purchase an automobile from Dub Shaw Ford, Inc. (hereafter Seller). Shortly after purchasing the car, and prior to any action on the part of Seller to attempt to repossess

the car (indeed, there is no indication in the record that there might have ever been any reason for such action to be considered), Buyer filed suit alleging that in the sales contract certain clauses in Paragraph 19, "Default", were in violation of the Federal Truth-in-Lending Act or of the Texas Consumer Credit Code. On Buyer's Motion for Summary Judgment, the court awarded attorneys' fees of $750.00, and assessed a penalty against Seller of $3,960.08 by authority of art. 5069–7.01 of the Texas Code. (The court held that there was no violation of the Federal Truth-in-Lending Law.) From this judgment Seller has appealed.

We reverse and render.

By six points Seller claims error of the trial court in its holding that language in paragraph 19, "Default", of the sales contract violates Texas Consumer Credit Code, art. 5069–7.07, "Prohibited Provisions." This section was amended effective August 27, 1979. Purchase of the car occurred on February 12, 1979. The law governing this transaction is quoted in pertinent part as it then existed:

"Art. 5069–7.07. Prohibited Provisions

"No retail installment contract or retail charge agreement shall:

" . . .

"(3) Authorize the seller or holder or other person acting on his behalf to enter upon the buyer's premises unlawfully or to commit any breach of the peace in the repossession of a motor vehicle;

"(4) Provide for a waiver of the buyer's rights of action against the seller or holder or other person acting therefor for any illegal act committed in the collection of payments under the contract or agreement or in the repossession of a motor vehicle;

" . . .

"(6) Provide that the buyer agrees not to assert against the seller or holder of any claim or defense arising out of the sale."

■ The trial court found three clauses of the parties' contract in violation of the Texas Consumer Code. These deal with "free right of entry," personalty, and waiv-

er. The language appearing in paragraph 19, "Default", of the sales contract reads as follows:

" 'Seller shall have the right to repossess the Property wherever the same may be found with free right of entry'.

" '[A]ny personalty in or attached to the Property when repossessed may be held temporarily by Seller without liability for return to Buyer'."

This court has already upheld the "free right of entry" language quoted above in *Woolard v. Texas Motors, Inc., et al.*, 616 S.W.2d 706 (Tex.Civ.App.—Fort Worth 1981, no writ). This does not conflict with the holding in *Ford Motor Credit Co. v. Corley*, 613 S.W.2d 519 (Tex.Civ.App.—Corpus Christi 1981, no writ) because the wording of the challenged clauses is substantially different. See *Ford Motor Credit Co. v. McDaniel*, 613 S.W.2d 513, 516 (Tex.Civ. App.—Corpus Christi 1981, no writ). We, like the court in *Tradewinds Ford Sales, Inc. v. Caskey*, 600 S.W.2d 865 (Tex.Civ. App.—Eastland 1980, *rev'd in part on other grounds, aff'd in part, and remanded*, 616 S.W.2d 935 (Tex.1981) hold that:

" 'Free right of entry' qualifies or limits . . . the seller to enter only where he has free right of entry. Thus, the contract does not authorize appellants to enter appellees' premises unlawfully and commit a breach of the peace in effecting repossession of the collateral." 600 S.W.2d at 870.

The Supreme Court in *Zapata v. Ford Motor Co.*, 24 Tex.Sup.Ct.J. 377, 615 S.W.2d 198 (1980), has recently ruled on a similar challenge to a provision concerning personalty attached to or left in a vehicle at the time of lawful repossession. The Court stated that the provision in question ("[a]ny personalty in or attached to the property when repossessed may be held by Seller without liability . . . ,") merely restates the bailor-bailee relationship existing at common law in regard to personal items in legal repossession cases. The Court noted that "[a] detention of personalty lawfully obtained, after demand, is a wrongful act constituting a trespass," and that liability does

not attach unless the wrongful detention is accompanied by actual damage to the property or deprives the owner of its use for a substantial period of time. 24 Tex.Sup. Ct.J. at 378, 615 S.W.2d 198.

The use of the word "temporarily" in the challenged provision here considered neither changes the common law or violates the statutory law. (The legislature has since clarified the time period in a circumstance such as one referred to in the contract as temporary by adding subsection (7) to art. 5069–7.07 providing that the seller or holder may retain or dispose of such property if, within thirty days after notice is mailed or delivered to the purchaser, the purchaser has not reclaimed his unsecured personalty.)

In this case Seller is not attempting by this provision to retain unsecured personal property or to obtain a waiver of Buyer's rights to such property. This contract simply restates the law, and in so doing reminds all parties to the contract that personalty in a legally repossessed vehicle may be held temporarily. There is no language suggesting that Buyer waives any rights in tort or conversion in connection with such personalty, and the challenged language is thus very different from that in *Zapata* case. Applying the Court's reasoning in *Zapata* to the circumstances, we hold that this provision does not violate the Texas Consumer Credit Code.

■ Seller's final point of error is that the trial court erred in finding that Seller required Buyer to agree not to assert any claims or defenses arising out of the sale of the motor vehicle. The challenged language asserting such waiver appears in paragraph 20, "General" of the contract and reads as follows:

"This contract constitutes the entire agreement between the parties and no modification hereof shall be valid in any event, and buyer expressly waives the right to rely thereon, unless made in writing signed by Seller."

If a contract provision can be given an interpretation which is legal, the court must presume that the contracting parties intended the provision in its legal construction. *Nevels v. Harris*, 129 Tex. 190, 102 S.W.2d 1046 (1937), *Walker v. Temple Trust Co.*, 124 Tex. 575, 80 S.W.2d 935, 936 (Comm.App. 1935, opinion adopted). The paragraph quoted simply restates the law of contracts long prevailing. In *Peden v. Ryan Oldsmobile, Inc.*, 606 S.W.2d 53, 55 (Tex.Civ.App.—Fort Worth 1980, no writ) this court considered the legislature's intent in passing the Texas Consumer Credit Code and the mandate to the court to exercise liberal construction thereof, and stated that it should also construe the legislation so as to promote justice. We do not believe that Seller's restatement of the law of contracts can fairly be considered a waiver of Buyer's actions for tort, conversion, breach of warranty or other action to protect his rights against Seller.

Seller's point challenging constitutionality of certain of the provisions of the code is not reached in view of our observation that Seller, as an involuntary bailee, is obligated to return the personalty or account to the purchaser for the property's value. We also observed that nothing in the contract precludes this obligation; a purchaser does not waive any right of action otherwise possessed.

By what we have written we sustain all points of error (save that on constitutionality, which we do not need to consider).

We reverse the judgment. We render judgment that Linda L. Jackson take nothing by her suit against Dub Shaw Ford, Inc.