CHARLIE HILLARD, INC., Appellant,

v.

Robert HEATH, Appellee.

No. 18495.

Court of Appeals of Texas, Fort Worth.

Nov. 12, 1981.

Rehearing Denied Dec. 10, 1981.

Akin, Gump, Hauer & Feld, Paul E. Galvin, Dallas, Baker & Botts, Randall A. Hopkins, Houston, for appellant.

Maples, Maloney, Debusk, Phillips, Lollar & Mallory, Carl E. Mallory, Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

SPURLOCK, Justice.

This is an appeal from a judgment in favor of a purchaser of an automobile under a motor vehicle installment sales contract rendered on the basis of alleged violations of the Texas Consumer Credit Code, art. 5069–7.07—Prohibited Provisions.

We affirm.

In June, 1977, Robert Heath (hereafter buyer) purchased a new Ford LTD from Charlie Hillard, Inc. (hereafter seller) in Forth Worth, Texas, financing the purchase by executing a retail installment contract which was subsequently assigned to Ford Motor Credit Company (hereafter FMCC). Two and one-half years later and prior to any action on the part of seller or FMCC to attempt to repossess the automobile (in

fact, the record shows that buyer was current in his obligations under the contract), buyer filed suit against seller to recover a statutory penalty and reasonable attorneys' fees for alleged violations of the Texas Consumer Credit Code (hereafter Credit Code) in the contract provisions at paragraph 19 entitled "Default". Both parties moved for summary judgment. The trial court granted buyer's motion finding that the contract violated art. 5069–7.07(3) and (4) and ordered seller to pay buyer a penalty in the amount of $3,570.84 plus stipulated attorneys' fees in the amount of $1,400.00.

(Hereinafter, when reference is made to pertinent provisions of the Credit Code, "art. 5069" will be omitted. Thus, a reference to "sec. 7.07(3)" shall be understood as reference to "art. 5069–7.07(3).")

By six points of error seller claims that the trial court erred in granting judgment for buyer because the installment contract did not violate the Credit Code in the specific instances found by the court.

The trial court found that (1) the language in the challenged repossession clause violates sec. 7.07(3) in that it is susceptible to the interpretation that the seller is granted the right freely to enter wherever the vehicle may be found in order to repossess it and (2) the provision dealing with the retention of personal property in or attached to the vehicle violates sec. 7.07(4) since it amounts to a contractual waiver of any right of action for the return of unsecured personalty wrongfully detained by the act of repossession. The court also observed that the unilateral imposition of twenty-four (24) hour notice by a restricted type of mail is unreasonably short and is calculated to deprive the owner of his property.

"Art. 5069–7.07. Prohibited Provisions

"No retail installment contract or retail charge agreement shall:

" . . .

"(3) Authorize the seller or holder or other person acting on his behalf to enter upon the buyer's premises unlawfully or to commit any breach of the peace in the repossession of a motor vehicle;

"(4) Provide for a waiver of the buyer's rights of action against the seller or holder or other person acting therefor for any illegal act committed in the collection of payments under the contract or agreement or in the repossession of a motor vehicle;"

The language appearing in paragraph 19 "Default" of the sales contract reads as follows:

"[I]n the event Buyer defaults in any payment, . . . Seller shall have the rights and remedies of a Secured Party under the Uniform Commercial Code, including the right to repossess the Property wherever the same may be found with free right of entry, . . . . Any personalty in or attached to the property when repossessed may be held by Seller without liability and Buyer shall be deemed to have waived any claim thereto unless written demand by certified mail is made upon Seller within 24 hours after repossession."

■ By its first two points, seller challenges the trial court's finding that the "free right of entry" language violates sec. 7.07(3). This court has already upheld the "free right of entry" language in *Woolard v. Texas Motors, Inc.*, 616 S.W.2d 706 (Tex. Civ.App.—Fort Worth 1981, no writ) and *Dub Shaw Ford, Inc. v. Jackson*, 622 S.W.2d 664 (Tex.App.—Fort Worth, 1981).

In addressing this issue in *Woolard v. Texas Motors, Inc., supra*, we stated:

"We don't read 'with free right of entry' as attempting to create a contractual right to break the law by allowing trespass. Instead, we read it as a limitation; one that recognizes public policy favoring peaceful, nontrespass repossessions. By contract the seller retains the right to repossess the property but only where it is found with 'free right of entry.'" *Id.* at 709.

See also, *Tradewinds Ford Sales, Inc. v. Caskey*, 600 S.W.2d 865 (Tex.Civ.App.—Eastland 1980), *rev'd in part on other grounds, aff'd in part, and remanded*, 616 S.W.2d 935 (Tex.1981).

We hold that the language of paragraph 19 does not violate sec. 7.07(3) of the credit code. Points one and two are sustained.

By its third, fourth, and fifth points, seller attacks the trial court's holding that the contract was in violation of sec. 7.07(4) because of the "waiver" provision in paragraph 19 which provides "buyer shall be deemed to have waived any claim thereto unless written demand by certified mail is made upon Seller within 24 hours after repossession." Seller contends that sec. 7.07(4) is unconstitutionally vague if applied to penalize post-repossession activities. Seller further contends that the contract provision substantially complies with the requirements of sec. 7.07(4) and any violation thereof was *de minimis*.

Seller's arguments in support of his contentions have been recently rejected by the Texas Supreme Court in *Zapata v. Ford Motor Credit Co.*,\* 615 S.W.2d 198 (Tex. 1981), in which it held the identical "waiver" provision in a retail installment contract provided by FMCC to be prohibited by sec. 7.07(4) of the credit code. The court stated:

"The waiver clause in this case waives a buyer's right of action for the wrongful detention of unsecured personalty taken in the repossession of a motor vehicle. If the buyer fails to demand his property within 24 hours after repossession, all claims for its subsequent wrongful detention are waived. The fact the wrongful detention waived does not occur until at least 24 hours 'after repossession' and not 'in the repossession' as stated in section 7.07(4) is immaterial because the doctrine of trespass *ab initio* is followed in Texas. (Citations omitted.) Under this doctrine, a wrongful detention of unsecured personalty 24 hours after repossession, by one in lawful possession, is a trespass from the time of repossession. . . . This waiver clause is not only contrary to public policy (citations omitted), but it is also prohibited by section 7.07(4) of the Credit Code." *Id.* at 201–2.

\* The *Zapata, supra*, decision has been appealed    to the United States Supreme Court.

On the authority of *Zapata, supra,* we overrule appellant's third, fourth, and fifth points and hold that the "waiver" clause in paragraph 19 violates sec. 7.07(4) of the credit code. We do not find sec. 7.07(4) to be unconstitutionally vague as applied.

Seller's sixth point is overruled.

A single violation of the credit code will trigger the penalties under sec. 8.01; therefore, we affirm the trial court.