Don B. CASKEY et al., Petitioners,

v.

TRADEWINDS FORD SALES, INC. et al., Respondents.

No. B-9617.

Supreme Court of Texas.

June 10, 1981.

C. M. Henkel, III, Corpus Christi, for petitioners.

Baker & Botts, F. Walter Conrad, Jr., and Randall A. Hopkins, Houston, Porter, Taylor, Gonzalez, Thompson & Rogers, Rick Rogers, Sorrell, Anderson & Sorrell, James R. Sorrell, Corpus Christi, for respondents.

## ON MOTION FOR REHEARING

## PER CURIAM.

We grant the motion for rehearing, withdraw our former opinion and judgment and substitute this opinion. Don B. Caskey and Ralph E. Caskey sued Tradewinds Ford Sales, Inc., Ford Motor Credit Company and Ford Motor Company alleging violations of the Texas Consumer Credit Code in connection with their purchase of a 1978 Ford Thunderbird. The trial court granted the Caskeys' motion for partial summary judgment against Tradewinds Ford Sales, Inc. The trial court's final judgment ordered recovery for the Caskeys against Tradewinds Ford Sales, Inc. and Ford Motor Credit Company jointly and severally. The court of civil appeals reversed the judgment of the trial court and rendered judgment that the Caskeys take nothing. 600 S.W.2d 865. We reverse in part and affirm in part the judgment of the court of civil appeals.

The retail installment contract involved in this case contained a waiver clause which provided:

**936**

Any personalty in or attached to the property when repossessed may be held by Seller without liability and Buyer shall be deemed to have waived any claim thereto unless written demand by certified mail is made upon Seller within 24 hours after repossession.

In upholding the validity of the waiver provision the holding of the court of civil appeals conflicts with section 7.07(4) of the Consumer Credit Code.[1] *Zapata v. Ford Motor Credit Company*, 615 S.W.2d 198 (Tex.1981). 24 Tex.Sup.Ct.J. 377 (May 9, 1981). The violation of section 7.07(4) entitled the Caskeys to the penalties provided under section 8.01.

■ The Caskeys raised several other points alleging various violations of the Code. We find it unnecessary to discuss many of the other points since a single violation of the Code will trigger the penalties under section 8.01; however, one of the holdings of the trial court was that the acceleration clause contained in paragraph 19 of the contract violated sections 7.03 and 7.04, thus entitling the Caskeys to the additional penalties provided under section 8.02. We find no error in that part of the court of civil appeals judgment which denied the Caskeys' recovery of the penalties provided for in section 8.02.

We grant the application for writ of error and without hearing oral argument reverse that part of the court of civil appeals judgment which denied the Caskeys recovery under section 8.01 for the respondents' violation of the waiver provision. Tex.R.Civ.P. 483. We affirm that part of the civil appeals judgment which denied the Caskeys recovery under section 8.02 for a violation of Code sections 7.03 and 7.04. We remand the cause to the trial court for entry of judgment consistent with this opinion.

---

1. All references to the Code are to Article 5069 Tex.Rev.Civ.Stat.Ann. (Vernon's 1971).