**Al HALEY, Appellant,**

v.

**PAGAN LEWIS MOTORS, INC.,**
Appellee.

**No. 1985CV.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 18, 1982.

Rehearing Denied Jan. 13, 1983.

Robert W. Johnson, Jr., Corpus Christi, for appellant.

Steve T. Hastings, Law Office of Guy Allison, C.M. Henkel, III, Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

OPINION

YOUNG, Justice.

Alleging violations of Tex.Rev.Civ.Stat. Ann. Art. 5069–7.01 et seq., part of an act generally known as the Consumer Credit Code, Al Haley brought suit against Pagan-Lewis Motors, Inc. Haley appeals from a take nothing judgment rendered by the trial court after a trial without a jury. We affirm.

The evidence shows that Haley purchased a 1975 Lincoln automobile from Pagan-Lewis Motors on March 10, 1978. Pagan-Lewis, which stipulated that it is a retail seller as defined by the Consumer Credit Code, arranged for financing with Corpus Christi National Bank. As it usually did, the Bank supplied the form contract to Pagan-Lewis, which filled in the appropriate blanks. The parties make no complaint about the Bank in their appeal. The amount financed was $5,238.08 and the time price differential was $1,473.22. The parties stipulated that in the event that Haley would become entitled to recover attorney's fees, a reasonable amount of such fees would be $750.00 for trial and $3,000.00 for appeal to the Court of Civil Appeals.

Appellant has brought forward seven points of error. We have carefully considered points one, two, three, five and seven which generally assert Consumer Credit Code violations. We deem all of those points without merit, and we overrule all of them. A closer issue is presented by point four which complains that the contract violates Article 5069–7.07(6). That provision is about precluding the buyer from assertion of claims or defenses. Point six asserts that attorney's fees should have been granted to appellant. Even so, we overrule points four and six for reasons set out in our discussion that follows.

Stated on the obverse side of the contract in question, among other things, is the following:

"Rights Exclusive of Default: (1) This Security Agreement, Secured Party's rights hereunder and the indebtedness hereby secured may be assigned, and in any such case the Assignee shall be entitled to all of the rights, privileges and remedies granted in this Security Agreement to Secured Party, *and Debtor will assert no claims or defenses he may have against Secured Party against the Asignee (sic), except those granted in the Security Agreement.*" (Emphasis supplied.)

The appellant argues that although there is language which provides that the debtor can assert against a holder the claims he has against the seller, the contract is silent as to what claims and defenses the debtor may assert. Thus, according to the appellant, the clause which prohibits the debtor from asserting any claims except for those granted in the agreement would operate to preclude the debtor from asserting any claims against an assignee. See *Knight v. International Harvester Credit Corporation,* 627 S.W.2d 382, 388 (Tex.1982).

The offending clause quoted above seems to conflict with language which appears in bold type on the front of the agreement: "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF."

The contract further recites that "The law governing this secured transaction shall be that of the State of Texas in force at the date of this instrument." There are no provisions in the contract which impermissibly attempt to limit or restrict any of the buyer's rights to assert claims or defenses against the secured party.

■ This Court has held that contracting parties are presumed to have intended to obey the law unless the contrary clearly appears from the contract. *Grant v. Friendly Chrysler-Plymouth, Inc.,* 612 S.W.2d 667, 669 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); see also *Nevels v. Harris,* 129 Tex. 190, 102 S.W.2d 1046 (1937). Where a contract, by its terms, construed as a whole, is susceptible to more than one reasonable construction, the courts are obligated to adopt that construction which comports with legality. We have so held in *Grant v. Friendly Chrysler-Plymouth, Inc.,* supra and *Ford Motor Credit Co. v. McDaniel,* 613 S.W.2d 513, 518 (Tex.Civ. App.—Corpus Christi 1981, no writ). The appellate courts allude to a greater willingness to apply these rules especially when construing a penal statute like the Consumer Credit Code. *Grant v. Friendly Chrysler-Plymouth, Inc.,* supra at 669.

■ In the case before us, we hold that a reasonable construction of the whole contract does grant to the buyer the right to assert against the seller and any holder, all claims and defenses available under Texas law and does not limit the buyer otherwise. The construction urged by the appellant does violence to the spirit of the Consumer Credit Code. Point of error number four is overruled. This disposition of the fourth point mandates the overruling of point number six concerning the award of attorneys fees.

The judgment of the trial court is affirmed.