**LUNDQUIST BUICK–OPEL, INC., Appellant,**

v.

**Ronald D. WIKOFF, Appellee.**

No. 13–82–272–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 15, 1983.

Rick Rogers, Porter, Gonzalez & Rogers, Corpus Christi, for appellant.

Robert W. Johnson, Jr., Corpus Christi, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from the granting of a summary judgment. The suit arose out of a retail installment contract dated August 25, 1977, between appellee Ronald Wikoff, as buyer, and appellant Lundquist Buick-Opel, Inc., as seller, for the purchase of a new 1977 Buick Le Sabre automobile. Plaintiff, in his trial petition, alleged that the above-mentioned contract violated the "Texas Credit Code" in the following particulars:

"1. Defendant has incorrectly, or alternatively, failed to accurately disclose the aggregate amount of official fees in violation of Article 5069–7.02(6)(e) V.A.T.S.

2. The contract fails to disclose the kind, coverage, term, and amount of premium for the insurance sold or procured in connection with the retail installment transaction in violation of Article 5069–7.06(5) V.A.T.S.

3. The Retail Installment Contract provides that the Buyer will not assert agaist (sic) the Seller or Assignee any claims or defenses he might have arising out of the sale in violation of Article 5069–7(6) V.A.T.S.

4. The Retail Installment Contract has contractually provided for the right to accelerate the maturity of the contract under provisions expressly prohibited by the Texas Credit Code in violation of Article 5069–7.07(1)."

Plaintiff filed a motion for summary judgment on April 2, 1982, wherein he alleged that the summary judgment evidence showed that there was no genuine issue as to any material fact. He further alleged that the pleadings, and the summary judgment evidence established as a matter of law that the contract in question violated the Texas Credit Code, as particularly alleged by him in his trial petition.

On June 18, 1982, plaintiff's Motion for Summary Judgment was granted for the following reasons:

"1. Defendant has incorrectly, or alternatively, failed to accurately disclose the aggregate amount of official fees in violation of Article 5069–7.02(6)(e) V.A.T.S.

2. The Retail Installment Contract provides that the buyer will not assert against the Seller or Assignee any claims or defenses he may have arising out of the sale, in violation of Article 5069–7.-07(6) V.A.T.S.

3. The Retail Installment Contract has contractually provided for the right to accelerate the maturity of the contract under provisions expressly prohibited by the Texas Credit Code in violation of Article 5069–7.07(1)."

Appellant was ordered to pay statutory penalties in the amount of Two Thousand

Eight Hundred Ninety-one and 86/100 Dollars ($2,891.86), that being twice the amount of time-price differential contracted for. Appellant was also ordered to pay reasonable attorney's fees.

On June 29, 1982, a final judgment, which incorporated the holding and provisions of the summary judgment previously granted, was entered in which reasonable attorney's fees were awarded to appellee in the following amounts: 1) $1,500.00 in the trial court; 2) an additional $2,500.00 in the event of an appeal to the Court of Appeals; 3) an additional $500.00 in the event an application for Writ of Error is filed; and, 4) an additional $1,500.00 in the event the application for Writ of Error is granted. All amounts awarded were to bear interest.

Appellant attacks the summary judgment in six points of error. The first three points relate to the asserted error of the trial court in holding that the charging of a $2.00 State inspection fee for the vehicle sold under the contract constituted a violation of the Texas Credit Code. In its first point, appellant contends that it "did not, as a matter of law, violate Article 5069–7.-02(6)(e) with regard to the disclosure of 'official fees'." It contends in the second point that "there was no summary judgment evidence that the 'official fees' set out on the retail installment contract in question were not fees prescribed by law." It is asserted in the third point that the disclosure on the retail contract in question relating to 'official fees' substantially complied with Article 5069–7.01 et seq., and any violation was "de minimis."

The contract states that defendant charged plaintiff $2.00 for a state inspection fee, an "official fee".

■ This Court has previously addressed the proposition of whether or not an inspection fee qualified as an official fee under Article 5069–7.02(6)(e) Tex.Rev.Civ.Stat. Ann. (Vernon Supp.1982–83), as it existed prior to its amendment in 1979. See *Wayne Strand Pontiac-GMC, Inc., et al. v. Molina,* 653 S.W.2d 45 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). As pointed out in the majority opinion, which has been ap-

proved by our Supreme Court, this type of charge is governed by the Doctrine of De Minimis. Although the charge is a technical violation of the statute, it is not such a violation which will authorize a recovery under the statute. *Wayne Strand* supra, at 47. Its first and second points of error are overruled. Its third point of error is sustained.

Appellant in its fourth point of error, complains that the trial court erred in granting summary judgment, since the retail installment contract in question does not provide that the buyer agrees not to assert against the seller or holder any claim or defense he may have arising out of the sale.

The language of the contract in question which is pertinent to this alleged violation reads:

"Rights Exclusive of Default (1) This Security Agreement, Secured Party's rights hereunder and the indebtedness hereby secured may be assigned, and in any such case the Assignee shall be entitled to all of the rights, privileges and remedies granted in this Security Agreement to Secured Party, *and Debtor will assert no claims or defenses he may have against Secured Party against the Asignee (sic), except those granted in the Security Agreement.*" (emphasis ours)

The contract also provides

"ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF."

The contract further recites that [t]he law governing this secured transaction shall be that of the State of Texas in force at the date of this instrument.

■ In substance, the above-quoted provisions of the contract provide that the contract may be assigned by the seller, and in the event of such assignment, the buyer will not assert against the seller's assignee

any claim or defense against such assignee arising out of the *sale* to the buyer by the seller which the buyer may have against the seller (assignor). The language does not deal with any act or event arising out of the sale to buyer, but deals only with events which occur *after* the sale, i.e., the assignment of the note and security by the seller to a third party. The assignee of the seller would be in the position of a holder of the note and security in due course, absent any terms in the assignment which would not render the assignee such a holder, since the assignee would not have had any dealings, directly or indirectly with the buyer, but would have simply purchased the commercial paper for a valuable consideration. When the contract is considered in its entirety, we conclude that all of appellee's (buyer) claims and defenses arising *out* of the sale are intact.

Identical language was examined in *Haley v. Pagan Lewis Motors, Inc.*, 647 S.W.2d 319 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.), wherein this Court held a reasonable construction of the whole contract does grant to the buyer the right to assert against the seller and any holder, all claims and defenses available under Texas law and does not limit the buyer otherwise. No violation of Article 5069–7.07(6), as a matter of law, exists in the case at bar. Appellant's fourth point of error is sustained.

In the fifth point of error, appellant contends that the trial court erred in granting the summary judgment for the reason that the contract does not provide for the acceleration of maturity under conditions expressly prohibited by Article 5069–7.07(1). We agree.

The statute provides in pertinent part "No retail installment contract or retail charge agreement shall

(1) Provide that the seller or holder may accelerate the maturity of any part or all of the amount owing thereunder unless (a) the buyer is in default on the performance of any of his obligations or (b) the seller or holder in good faith believes that

the prospect of payment or performance is impaired[.]"

The contract in dispute provides "Rights in Event of Default (1) Upon the occurrence of an Event of Default, or if secured party deems payment of Debtor's obligations to Secured Party to be insecure, and at any time thereafter, Secured Party may declare all obligations secured hereby immediately due and payable...."

The contract further sets out seven events of default.

The provisions of the contract which would allow acceleration of the note are within the scope contemplated by Article 5069–7.07(1) i.e., 1) an event of default; and, 2) payment of debtor's obligations to secured party is deemed to be insecure. An occurrence of an Event of Default under the contract before us is essentially the same as a default on the performance of any of [buyer's] obligations, since the events of default encompass the buyer's obligations under the contract. The question of whether one of the Events of Default might violate the Consumer Credit Code, as applied in the event of an acceleration, can only be decided on a case-by-case basis and is not raised by the record now before us. See *Ford Motor Credit Co. v. Powers,* 613 S.W.2d 30 (Tex.Civ.App.—Corpus Christi 1981, no writ). Appellant's fifth point of error is sustained.

Appellant's sixth point of error attacks the constitutionality of Article 5069–7.07(1). Since this appeal is resolved on another basis, this Court will not reach the constitutional question. *Horton v. Horton,* 625 S.W.2d 78 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.).

It is conclusively established by the summary judgment evidence that appellee was a retail buyer, and that appellant was a retail seller as those terms are defined in Article 5069–7.01. It is further conclusively established that the transaction in question was a retail installment contract, and that the vehicle involved was a motor vehicle as those terms are defined in the statute. No issues as to any material fact are present in

this case. The pleadings and the summary judgment evidence before the trial court did not establish, as a matter of law, that there was a violation of the Texas Credit Code which authorized the judgment against defendant. In that state of the record, plaintiff was not entitled to recover on its alleged action for damages, or to an award of attorney's fees.

The judgment is REVERSED and judgment is RENDERED that Ronald D. Wikoff, plaintiff in the trial court, and appellee herein, take nothing in his suit against Lundquist Buick-Opel, Inc., defendant in the trial court and appellant herein.