**Martin V. FLORES, Appellant,**

v.

**CHARLIE THOMAS COURTESY FORD, INC., Appellee.**

No. 13–83–434–CV.

Court of Appeals of Texas, Corpus Christi.

March 22, 1984.

---

1. Rule 18(a) a was amended on December 3, 1983 to be effective on April 1, 1984 to apply to *any* court.

**166**

Mark Perlmutter, Doggett & Jacks, Austin, for appellant.

Patrick P. Rogers, Porter, Rogers, Dahlman & Gordon, Corpus Christi, for appellee.

Before BISSETT, KENNEDY and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from the granting of a summary judgment against the appellant, Martin V. Flores, plaintiff in the trial court. The case arose out of a retail installment contract between the plaintiff and the appellee, Charlie Thomas Courtesy Ford, Inc., hereafter "defendant."

Plaintiff filed suit against defendant, alleging violations of the Texas Consumer Credit Code, TEX.REV.CIV.STAT.ANN. art. 5069–7.01 et seq. and art. 5069–14.01 et seq., and the Texas Deceptive Trade Practices Act, TEX.BUS. & COM.CODE ANN. §§ 17.46(a) and 17.46(b)(12) (Vernon Supp. 1984). Plaintiff requested declaratory relief pursuant to TEX.BUS. & COM.CODE ANN. § 17.50 (Vernon Supp.1984). Both parties moved for summary judgment. The trial court granted defendant's motion for summary judgment, holding that there was no dispute as to any material fact and that defendant was entitled as a matter of law to a summary judgment.

The installment contract in question contained two clauses which created the issue in this case. On the contract instrument (Exhibit A) there appeared the following language in boldface type:

"ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."

There also appeared the following language in smaller type:

"Rights Exclusive of Default: (1) This Security Agreement, Secured Party's rights hereunder and the indebtedness hereby secured may be assigned, and in any such case the Assignee shall be entitled to all of the rights, privileges and remedies granted in this Security Agreement to Secured Party, and debtor will assert no claims or defenses he may have against Secured Party against the Assignee, except those granted in the Security Agreement."

Appellant contends in his sole point of error that the trial court improperly granted defendant's motion for summary judgment in that the installment contract in question violated Section 7.07(6) of the Texas Consumer Credit Code as a matter of law. This Court has considered this question in *Haley v. Pagan Lewis Motors, Inc.,* 647 S.W.2d 319 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). Plaintiff, now appellant, argues in his brief that our previous holding in *Haley* was erroneous. We decline to accept appellant's arguments and

so we follow our previous decision in *Haley*. While *Haley* was an appeal from a default judgment rather than a summary judgment, the basic question of law is the same here as in that case. The trial court's determination of the legal issue was correct. Plaintiff's point of error is overruled.

The judgment of the trial court is AFFIRMED.