**Pablo HERNANDEZ, Appellant,**

v.

**FORBES CHEVROLET COMPANY and General Motors Acceptance Corp., Appellees.**

No. 13–83–368–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 1, 1984.

Rehearing Denied Nov. 29, 1984.

Thomas Schumacher, Hector Gonzalez Law Office, Corpus Christi, for appellant.

Andrew J. Lehrman, Sorrell, Anderson & Sorrell, Corpus Christi, for appellees.

Before NYE, C.J., and KENNEDY, and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a judgment granted against appellant, Pablo Hernandez, in favor of appellees, Forbes Chevrolet Company (Forbes) and General Motors Acceptance Corporation (GMAC). Appellant brought suit against both appellees alleging violations of the Texas Consumer Credit Code, Article 5069–7.01, et seq., TEX. REV.CIV.STAT.ANN. (Vernon Supp.1984), arising out of a retail installment contract that he signed in connection with the purchase of a motor vehicle. The trial court found no violations of the Credit Code. We affirm.

The facts are undisputed. Appellant contracted with appellee Forbes on April 4, 1977, for the purchase of a new 1977 Chevrolet Monte Carlo. The vehicle was purchased for personal use and not for resale. Appellant executed a retail installment contract with Forbes whereby he was scheduled to make 36 monthly installment payments, beginning on May 19, 1977. The contract, which was a 1976 GMAC form contract, also provided that a finance charge would be added to the purchase price and that other terms and conditions would apply. The contract was subsequently assigned by Forbes to GMAC. Appellant completed making the monthly payments on the contract without any default. Appellees never attempted to repossess the vehicle or to accelerate the monthly installment payments. Appellant's suit was not brought for actual damages for breach of warranty or dissatisfaction with the vehicle; rather, this suit was for statutory penalties for alleged technical violations of the Credit Code.

All four of appellant's points of error complain that the trial court erred in holding that the retail installment contract did not violate various provisions of the Credit Code.

In his first point of error, appellant asserts that the trial court erred by not holding that the retail installment contract, by its provision whereby appellant agreed not to assert claims or defenses arising out of the sale, violated TEX.REV.CIV.STAT. ANN. art. 5069–7.07(6). Article 5069–7.07(6) states that no retail installment contract shall:

(6) provide that the buyer agrees not to assert against the seller or holder of (sic)[1] any claim or defense arising out of the sale, ....

The language of the retail installment contract complained of is in section 7(c) of the additional terms on the reverse side of the contract, which provides that:

7. It is mutually understood and agreed that:

(c) except where the seller is also the manufacturer of said property, buyer will not assert against any subsequent holder as assignee of this contract any claim or defense which the buyer may have against the manufacturer or a seller other than the seller of said property obtained pursuant hereto.

■■■ Contracting parties are presumed to have intended to obey the law unless the contrary clearly appears from the contract; and courts must presume the parties intended an interpretation of the terms that is legal and complies with the Code. Furthermore, in reviewing a contract as a whole, we are obligated to adopt a rule of construction that comports with legality and compliance. *Haley v. Pagan Lewis Motors, Inc.*, 647 S.W.2d 319 (Tex.App.— Corpus Christi 1982, writ ref'd n.r.e.); *Grant v. Friendly Chrysler-Plymouth, Inc.*, 612 S.W.2d 667 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.).

In reviewing the face of the contract in line with *Haley*, we note that, directly above appellant's signature, in bold capital letter print, is the following language:

NOTICE[2]

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNT PAID BY THE DEBTOR HEREUNDER.

The trial court found that the retail installment contract did not waive any of appellant's rights, claims or defenses against the assignee or holder of the contract and concluded that appellees did not violate section 7.07(6) of the statute. We agree.

■■■ We hold that a reasonable construction of the contract as a whole does grant to the buyer (appellant) the right to assert against the seller (appellee), as well as any holder of the retail installment contract, all claims and defenses arising out of the sale. We further hold that the provision on the reverse side of the contract, which is not in large, boldface print, does not limit appellant's rights otherwise. *Haley v. Pagan Lewis Motors, Inc.*, 647 S.W.2d at 320; *see Flores v. Charlie Thomas Courtesy Ford, Inc.*, 669 S.W.2d 165 (Tex.App.—Corpus Christi 1984, no writ); *see also Lundquist Buick-Opel, Inc. v. Wikoff*, 659 S.W.2d 466 (Tex.App.—Corpus Christi 1983, no writ). Appellant's first point of error is overruled.

Appellant's second point of error is the same as in *Julia C. Trevino v. Castellow Chevrolet-Oldsmobile, Inc. and General Motors Acceptance Corp.*, 680 S.W.2d 71, handed down this day. The point is overruled for the same reason stated therein.

**1.** The "of" is apparently surplusage and should be ignored. *Knight v. International Harvester Credit Corp.*, 627 S.W.2d 382, 385 (Tex.1982).

**2.** This provision is inserted in retail contracts pursuant to 16 C.F.R. § 433.2 (1983).

In his third point of error, appellant contends that the trial court erred in holding that the retail installment contract did not violate art. 5069–7.07(1) in that the contract contained a provision for accelerating the installment payments not permitted by the Credit Code. Article 5069–7.07(1) states:

No retail installment contract ... shall: (1) Provide that the seller or holder may accelerate the maturity of any part or all of the amount owing thereunder unless (a) the buyer is in default on the performance of any of his obligations of (b) the seller or holder in good faith believes that the prospect of payment or performance is impaired;

Paragraph No. 6 of the "Additional Terms" on the back side of the retail installment contract contains the following language:

6. In the event buyer defaults in any payment due hereunder, or fails to comply with any of the terms or conditions hereof, or a proceeding in bankruptcy, receivership or insolvency be instituted by or against the buyer or his property, or the seller has reasonable cause to believe that the property is in danger of misuse or confiscation, or in the event either that the buyer fails for any reason to comply with paragraph 3(a) above or that *said required physical damage insurance (whether procured by the seller or · by the buyer) is cancelled by the insurer prior to expiration thereof,* the seller shall have the right, at his or its election, to declare the unpaid installments [sic] hereunder, less the unearned finance charge computed as provided herein, together with any amount for which the buyer shall have become obligated hereunder, to be immediately due and payable.... (Emphasis added.)

Appellant asserts that, pursuant to this provision, the holder of the contract could accelerate the note "if the insurance company cancelled the insurance by mistake," or "because it was going out of business" or if "the insurance was cancelled by the insurer because appellee failed to pay the premium which appellant had prepaid."

Specifically, appellant contends that, under the language of paragraph no. 6, his note could be accelerated for reasons that may be beyond his control.

In *Grant v. Friendly Chrysler-Plymouth, Inc.,* 612 S.W.2d 667 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.), this Court held that the contract provision does not violate art. 5069–7.07(1) when it substantially tracks the wording of the statute. *See also* 612 S.W.2d at 669 (Nye, C.J., dissenting). In *Grant,* we held that the inclusion of the following contractual terms did not violate sec. 7.07(1):

1. Default in the payments;
2. failure to comply with any of the terms or conditions of the contract;
3. failure to procure or maintain the vehicle insurance required by the contract;
4. institution by or against the buyer of a proceeding in bankruptcy, receivership or insolvency;
5. a belief by the seller that the property is in danger of misuse or confiscation.

In *Lundquist Buick-Opel, Inc. v. Wikoff,* 659 S.W.2d 466 (Tex.App.—Corpus Christi 1983, no writ), we stated that so long as the events of default are essentially the same as a default in performance of any of buyer's obligations, the provision does not violate article 5069–7.07(1).

The question as to whether the seller or holder "in good faith believes that the prospect of payment or performance is impaired" can only be decided on a case-by-case basis. *See Lundquist Buick-Opel, Inc. v. Wikoff,* 659 S.W.2d at 469.

We hold that the retail installment contract, as worded, did not permit the appellees to accelerate the maturity of the unpaid installment payments under conditions other than those permitted by art. 5069–7.07(1). Appellant's third point of error is overruled.

In his fourth point of error, appellant contends that the trial court erred in holding that the retail installment contract did not violate article 5069.7.06(3) because the contract failed to clearly and conspicu-

ously state that physical damage insurance was required in connection with the contract.

Article 5069–7.06(3) provides, in pertinent part:

(3) When insurance is required in connection with such a contract or agreement made under this Chapter, the seller or holder shall furnish the borrower *a statement which shall clearly and conspicuously state that insurance is required* in connection with the contract . . . .

Article 5069–7.01, et seq., does not contain a definition of "clear and conspicuous"; however, this Court has previously addressed what is meant by this term in *Portland Tradewinds Ford v. Lugo,* 613 S.W.2d 26, 29 (Tex.Civ.App.—Corpus Christi 1981, no writ). Further, "conspicuous" is defined in TEX.BUS. & COM.CODE § 1.201(10) (Vernon 1968) as follows:

(10) "Conspicuous": A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals . . . is conspicuous. Language in the body of a form is "conspicuous" if it is in larger or other contrasting type or color. Whether a term or clause is "conspicuous" or not is for decision by the court.

An examination of the retail installment contract entered into by appellant reveals that the references to required physical damage insurance are clear and conspicuous.[3] On the front side of the contract, the following appears near the top of the page:

4. OTHER CHARGES

* A. Cost of Required Physical Damage
   Insurance . . . . . . . . . . . $188.00

This amount, along with "other charges," was clearly added to give the unpaid balance-amount financed of $5,865.91.

Next, in the middle of the front page, in the box that is cross-referenced to item 4A, we find the following:

* Required Physical Damage Insurance

Insurance Company MIC Term: 12 months $_____ Deductible Collision— and also select one of the following:

____ Full Comprehensive including— Fire-Theft and Combined Additional Coverage

* * * * * *

x $50.00 Deductible Comprehensive including—Fire-Theft and Combined Additional Coverage

____ Fire-Theft and Combined Additional Coverage

Optional if desired—Towing and Labor costs ____ Rental reimbursement
____

Unless a charge for bodily injury and property damage insurance is included in 4C above, the insurance, if any, referred to in this contract does not include coverage for bodily injury and property damage caused to others.

Finally, on the reverse side of the contract, in small type size, under "Additional Terms," paragraph 3(a) states as follows:

3(a) In the event (1) that the obligation payable hereunder includes a charge for *required physical damage insurance,* to be procured either by Seller or by Buyer, for a period less than the full term of this Contract, or (2) that the said obligation does not include a charge for *required physical damage insurance,* Buyer shall furnish satisfactory evidence that said property continues to be effectively and adequately covered by such insurance at all times during the term of this contract. (Emphasis added.)

The finding of the trial court that the retail installment contract clearly and conspicuously discloses the disclosure requirements of article 5069–7.06(3) were correct. We hold that appellees did not violate article 5069–7.06(3).

In *Hinojosa v. Castellow Chevrolet and General Motors Acceptance Corp.,* 678 S.W.2d 707 (Tex.App.—Corpus Christi, 1984, no writ), we held that the fine print provision on the reverse side of the con-

---

3. We note that the testimony of appellant confirmed his understanding that he was required to carry physical damage insurance throughout the life of the contract.

tract, absent a second form that met the Credit Code's requirements was not "conspicuous," and, therefore, a violation of article 5069–7.06(3). *Hinojosa* is clearly distinguishable from the facts in the case at bar for the reason that, in *Hinojosa,* the provisions on the front of the contract (i.e., the cost of insurance in item 4A, and the box that is cross-referenced to 4A) were filled in the respective blanks as "$–0–" and "n/a."

In the present case, the two completed references on the front page of the contract, combined with the disclosures under the "Additional Terms," conspicuously informed appellant that insurance was required in connection with the contract, pursuant to article 5069–7.06(3). Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.