**Benny R. GONZALES, Appellant,**

v.

**AMERICAN GENERAL LEASING & FINANCING CORPORATION, Appellee.**

**No. 5769.**

Court of Civil Appeals of Texas, Waco.

Aug. 11, 1977.

Delmar L. Cain and Thomas S. Goggan, Goggan & Cain, Austin, for appellant.

Joe W. Redden, Jr., Fulbright & Jaworski, Houston, for appellee.

HALL, Justice.

American General Leasing & Financing Corp. brought this suit against Benny R. Gonzales on a promissory note executed by defendant in the principal sum of $60,444.38 payable to River City Machinery Co. in monthly installments. The note was secured by a security agreement listing a Case Model W26B Loader as collateral. Plaintiff pleaded that the note and security agreement were assigned to it by River City Machinery Co. for valuable consideration; that at all material times it was holder and owner of the note and security agreement; that defendant defaulted in payment of the note; that, following its particularized compliance with the provisions of the security agreement the collateral was sold at public auction and the proceeds of the sale were credited to the note; and that after demand defendant refused to pay the principal balance of $23,551.65 remaining due on the note. Plaintiff prayed for the balance due, and for interest and attorneys' fees provided for in the note.

Defendant answered with a general denial. Plaintiff moved for summary judgment, which was granted. Defendant appeals.

Plaintiff supported its motion for summary judgment with the affidavit of its president, Van Williams, and exhibits attached to the affidavit. Under the pleadings, these memoranda establish plaintiff's right to the judgment rendered as a matter of law.

In the affidavit, Williams identified the exhibits he attached as records made and kept by plaintiff in the regular course of its business. These included the note, the security agreement, the assignment of the note and security agreement to plaintiff, plaintiff's notice to defendant of his default on the note, plaintiff's notice to defendant of intent to accelerate the payments due under the note and sell the collateral at public auction, plaintiff's notice to defendant that it had accelerated the note; and plaintiff's demand to defendant for payment of the deficiency balance due on the note. Immediately after identifying these exhibits as plaintiff's business records, Williams stated "that in making this Affidavit he has relied upon his own personal knowledge of the transactions between [plaintiff], River City Machinery Co., and [defendant], and upon his review of the business records of [plaintiff], and that each and every fact set forth herein is true and correct."

■ In his first two points of error, defendant asserts that Williams's statement in the affidavit that his testimony is based "upon his review of plaintiff's business records" necessarily refers "to business records of the company generally" which are not a part of the record and therefore establish that the affidavit is based upon hearsay. We disagree. In context, the reference in question is plainly made only to the business records which were proved up by the witness in the paragraphs immediately preceding the reference.

■ In his remaining two points of error, defendant contends the summary judgment record fails to establish that plaintiff is the owner or holder of the note. He bases this contention on the fact that the assignment of the note is executed by "RIVER CITY MACHINERY CO., By [signed] Russell Cartwright," without identifying Cartwright's capacity with the company or his authority. This contention is overruled.

As we have said, defendant answered only with a general denial. Rule 93, Vernon's Tex.Rules Civ.Proc., provides in part as follows:

"A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.

" . . .

"(i) A denial of the genuineness of the indorsement or assignment of a written instrument upon which suit is brought by an indorsee or assignee, and in the absence of such a sworn plea, the indorsement or assignment thereof shall be held as fully proved."

The judgment is affirmed.