Van E. ADAMS, Appellant,

v.

PARKER SQUARE BANK, Appellee.

No. 18351.

Court of Civil Appeals of Texas,
Fort Worth.

Dec. 31, 1980.

James Q. Smith, Wichita Falls, for appellant.

Donald E. Short, Wichita Falls, for appellee.

OPINION

MASSEY, Chief Justice.

Van E. Adams sued Parker Square Bank (Bank) which had financed the purchase of a truck for Adams. Adams sued for penalties under the Texas Consumer Credit Code. Both sides moved for summary judgment. The trial court granted the summary judgment for Bank and denied the summary judgment for Adams. Adams appealed. (See also *Ormsby v. Parker Square Bank*, 610 S.W.2d 246 (Tex.Civ.App.) handed down this date. Background of the instant Adams appeal is nearly identical.)

We dismiss the appeal.

Strangely the appellant in this case *could have but did not appeal from the summary judgment for appellee*, but chose instead to limit his appeal to the denial of his own motion for summary judgment.

Of this we could not have been aware until appellant's brief was filed, because up until the time he became committed by his point of error it was to be assumed that his appeal would be predicated upon the action of the trial court in granting judgment for his opponent. (Adams waived all but the single point of error which is identical to the point in the appeal by *Ormsby* companion hereto.) It is by reference to his brief that we have found absence of any complaint of error by the trial court in having granted summary judgment for his adversary. This fact is evidenced by the point and by the language thereunder to which we have referred to seek to determine whether there was any such complaint of error in the summary judgment which was granted to the defendant bank. Rather than any such complaint we find that appellant Adams has confined himself to point of error and complaint thereunder of no more than the court's failure to grant the motion for summary judgment filed by him.

Could we have known of this at the time the clerk received the transcript in the case it would not have been filed, for an appeal does not lie from an order overruling a motion for summary judgment.

Obviously it is the theory of appellant that because both he and his adversary filed motions for summary judgment, followed by order of the court granting the motion of his adversary and denying his own motion, he can predicate his appeal solely upon the denial and disregard the motion granted. That is not the law.

Until there is successful attack made on appeal of the motion granted, with judgment entered in accord, the question does not exist as to whether the trial court should have granted the motion which was denied. In such a situation this court would lack authority to rule upon the contentions made of impropriety of the denial.

It is after having made the holding that the trial court erred in *granting* a summary judgment that a complainant becomes entitled to have the appellate court review the court's action in overruling his own motion for summary judgment. If it were otherwise his appeal would be no different from the situation where it was only the appellant who had moved for summary judgment and had his motion overruled, and who attempted an appeal from the denial. In such a case it is settled that no appeal shall lie. *Wright v. Wright*, 154 Tex. 138, 274 S.W.2d 670 (1955).

Since *Wright v. Wright* a great deal has been written on the question, with the ultimate resolution of that upon which the appellate court has the power to decide, as we understand it, be in accord with what is written in the paragraph next preceding. See *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396 (1958), and *Ackermann v. Vordenbaum*, 403 S.W.2d 362 (Tex.1966), and the authorities referred to in both opinions.

The appeal is dismissed.