Paul A. ORMSBY, Appellant,

v.

PARKER SQUARE BANK, Appellee.

No. 18352.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 31, 1980.

James Q. Smith, Wichita Falls, for appellant.

Donald E. Short, Wichita Falls, for appellee.

## OPINION

SPURLOCK, Justice.

Paul A. Ormsby sued Parker Square Bank (Bank) who had financed the purchase of a truck for Ormsby. Ormsby sued for penalties under the Texas Consumer Credit Code. Both sides moved for summary judgment. The trial court granted the summary judgment for Bank and denied the summary judgment for Ormsby and Ormsby appealed. (See also *Adams v. Parker Square Bank,* 610 S.W.2d 250 (Tex.Civ. App.) handed down this date.)

We dismiss the appeal.

On November 21, 1978, Ormsby entered into a retail installment contract with Mills Motor Company for the purchase of a truck. The motor company assigned the contract to Bank who had furnished the contract form to the automobile dealer. All parties performed under the contract. Each installment payment was made when due, the contract was paid in full, and the automobile was never repossessed. Ormsby is not claiming any actual damages, he is claiming only penalties because of the form of the contract. Ormsby has abandoned all of his claims except that stated in his single point of error quoted below.

> "The Trial Court erred as a matter of law in failing to grant Appellant's Motion for Summary Judgment because of violations of the Anti-Waiver provisions Article 5069–7.07(6) and 7.10."

Ormsby assigns no error for the granting of the Bank's motion for summary judgment, appealing only the trial court's denial of his motion for summary judgment. The general rule is that there is no appeal from the denial of a motion for summary judgment because it is an interlocutory judgment only and not a final judgment. *Wright v. Wright,* 154 Tex. 138, 274 S.W.2d 670 (1955). There is an exception to this rule. In *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400 (1958) both parties filed motions for summary judgment. The court granted one and denied the other. The supreme court held: "If the only order in the trial court is one overruling a motion

for summary judgment, then that order is interlocutory and no appeal will lie therefrom. But when, as in this case, both parties file motions for summary judgment and one motion is granted, then the trial court's judgment becomes final and appealable, ...." The court held that if reversible error is found, the court should render such judgment as the trial court should have rendered. Under these facts the appellate court may reverse the summary judgment granted and grant the summary judgment denied.

*Gulf, Colorado & Santa Fe Railway Co. v. McBride,* 159 Tex. 442, 322 S.W.2d 492 (1958) reached the same conclusion as that reached in the *Tobin* case. We hold that the above quoted law applies in this case.

■ The next question presented is whether Ormsby has sufficiently complained of the court's granting of the Bank's motion for summary judgment. His point of error does not challenge the granting of the summary judgment as being error. His point of error complains of not granting his motion for summary judgment. It may be that by implication he has reached the point of error that the Bank's motion should not have been granted. Also, in his prayer Ormsby requests that the judgment of the trial court be reversed and rendered for him. The action of the trial court in granting Bank's motion for summary judgment is not discussed anywhere in the argument or brief of Ormsby.

In *Ackermann v. Vordenbaum,* 403 S.W.2d 362, 365 (Tex.1966) that court held:

"The safer rule is one restricting the Tobin-Garcia doctrine to its factual situation and that disclosed in *Gulf, Colorado & Santa Fe Ry. Co. v. McBride,* that is, to cases in which motions for summary judgment have been filed by all of the real parties at interest and the appeal is prosecuted from a judgment granting one or more of them."

We hold that since Ormsby has not challenged by point of error the granting of the summary judgment in favor of the Bank he cannot raise by point of error the denial of his motion for summary judgment.

If, however, the single sentence in his prayer and the claimed error that the trial court did not grant Ormsby's summary judgment raises the issue of the propriety of the granting of Bank's summary judgment, we will discuss whether it was error for the trial court to grant the Bank's summary judgment.

■ Even though there was no default or repossession Ormsby contends that the contract contains two provisions prohibited by the code which entitles him to recover penalties even though he is not entitled to any actual damages.

Tex.Rev.Civ.Stat.Ann. art. 5069–7.07 (Pamphlet Supp.1971–80) provides:

"No retail installment contract or retail charge agreement shall:

" . . .

"(6) Provide that the buyer agrees not to assert against the seller or holder of any claim or defense arising out of the sale;

" . . . ."

Tex.Rev.Civ.Stat.Ann. art. 5069–7.10 (1971) provides:

"No act or agreement of the buyer before, or at the time of the making of a retail installment contract, or purchase thereunder, shall constitute a valid waiver of any of the provisions of this Chapter."

The pertinent portion of the contract here involved is as follows:

"In the event (a) the Buyer is in default in the payment of any debt secured hereby or in the performance of any obligation undertaken in this agreement or (b) the Seller in good faith believes that the prospect of such payment or performance is impaired, the Seller shall have the right to declare the unpaid balance, together with any other amount for which the Buyer may be obligated to Seller, immediately due and payable, subject to any refunds due, and Seller may proceed to enforce payment of the same and shall have all of the rights and remedies provided by the Uniform Commercial Code for secured parties, including the right to

peaceably enter, without notice or legal action, any premises where said vehicle may be found and take possession of same, including any equipment or accessories thereon, and Seller shall also be entitled to take possession of any personal property found in or on the described vehicle and hold same for Buyer at Buyer's risk, without liability on the part of Seller provided Seller promptly notifies or makes a reasonable effort to notify Buyer of the nature and location of such personal property, and gives Buyer a reasonable opportunity to reclaim same or direct the disposition of same. . . . "

In the case of *Martens v. Gen. Motors Acceptance,* 584 S.W.2d 941 (Tex.Civ.App.— Dallas 1979, no writ), a contract with almost identical language contained therein was approved.

We hold that the portion of the contract complained of does not violate the Texas Consumer Credit Code in the particulars therein claimed.

■ In addition thereto, it certainly would have been improper to grant summary judgment for Ormsby because the Bank, in response to his motion, claimed there was no liability because of the provisions of art. 5069–8.01(f) (Pamphlet Supp.1971–80), which provides that a person may not be held liable in any action brought under this article for a violation thereof if such person proves by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such violation. The Bank, in contesting the motion, claimed the protection of this section and filed supporting summary judgment evidence to the effect that the form of the contract here involved was approved by counsel before it was printed, and further that the loan officer and vice president of the Bank had examined all materials concerning the construction of this Code and could find no violation in it. The Bank contacted the managing officer of the Service Printing Company, an experienced and knowledgeable person who reproduces commercial instruments of all kinds for financial institutions, and went over the contract with him to see if there was any possible violation therein.

The Bank sought legal advice and counsel on the form of this contract and got the legal opinion that the form of the contract complied with the Texas Consumer Credit Code. Additionally, the Bank was assured by James Q. Smith, the attorney for the plaintiff in this case, that the retail installment contract was in full compliance with Texas Consumer Credit Code.

The summary evidence shows the Bank maintains procedures reasonably adopted to avoid any violation of this Code or of chapter 14 of art. 5069 by providing counselling for the dealers using the retail installment contracts and having employees of the Bank available to check such contracts that are assigned to it for apparent violations of such Code. The printed form of the contract here involved was prepared by the Bank.

This contest to Ormsby's motion for summary judgment raised at least a fact question in defense to the motion.

In addition thereto, Ormsby claims attorney fees and has filed an affidavit in support of his motion setting out the amount of reasonable attorney fees. The Bank has contested the motion, having filed an affidavit by an attorney to the effect that the amount of fees contained in Ormsby's affidavit were too high; that a lesser figure was a reasonable amount.

This raises an additional fact issue.

We hold Ormsby has not properly challenged the granting of the summary judgment. If we be in error in this regard, it was not error to deny Ormsby's motion for summary judgment.

Appeal dismissed.