George G. BUTLER et al., Appellants,

v.

HIDE–A–WAY LAKE CLUB, INC.
et al., Appellees.

No. 11–86–143–CV.

Court of Appeals of Texas,
Eastland.

April 30, 1987.

Rehearing Denied June 11, 1987.

Charles Crow, Tyler, and L.W. Anderson, Anderson & Miller, Dallas, for appellants.

John H. Minton and Keith Dollahite, Potter, Guinn, Minton & Roberts, Don Cothern and Donald Carroll, Ireland, Carroll & Ireland, Tyler, for appellees.

OPINION

RALEIGH BROWN, Retired Justice, Sitting by Assignment.

This is a summary judgment case. Plaintiffs [1] sought a declaratory judgment to the effect that two agreements entered into by and between defendants [2] violated the by-laws of one of the corporate defendants and the deed restrictions affecting the real properties mentioned in the agreements. Motions for summary judgment were filed by both parties. Defendants' motion was granted, and plaintiffs' motion was denied. Plaintiffs appeal. We affirm.

Plaintiffs are owners of lots in the Hide-A-Way Lake subdivision and, as such, are members of Hide-A-Way Lake Club, Inc. The Club is a nonprofit corporation, formed for the purpose of owning and operating certain areas within the subdivision for the recreation, pleasure, and common use of its members. An elected board of directors manages the affairs of the Club in accordance with its articles of incorporation and by-laws.

In 1977, the Club, through its board of directors, entered a contract with Hide-A-Way Lake Inc., Lake-Hide-A-Way, Inc., the predecessor of Crystal Systems Texas, Inc., and James W. Fair. The contract provided that certain undeveloped lots in the Hide-A-Way Lake subdivision would be conveyed to the Club in exchange for the Club suspending the membership on such lots and assigning the memberships to lots outside the subdivision owned by the grantors. After the execution of this agreement, Hide-A-Way Lake Homeowners, Inc. was formed in order to preserve the tax exempt status of the Club.

In 1984, the Club and Homeowners entered a second agreement with Hide-A-Way Lake, Inc., Lake-Hide-A-Way, Inc., and Fair which transferred the membership rights associated with 34 lots inside the subdivision and authorized such membership to be assigned to lots outside the subdivision. Also, the Club conveyed several pieces of property to the corporations. The corporations agreed to construct an airstrip on land outside the subdivision so that the existing airstrip in the subdivision could be converted to a road.

---

1. George G. Butler, Joe Brown, Carl Cannop, Ken Clark, J.W. Dudley, Virginia Gregory, Ron Hanna, Ted Halter, Bob Kimbro, Tom Long, John Nichols, Bill Oney, Eddie O'Neal, Claud Parker, Lucille Rainwater, Neil Rollings, Bob Sullivan, Margaret Stanfield, Andy Townsend, Jack Winn.

2. Hide-A-Way Lake Club, Inc.; Hide-A-Way Lake, Inc.; Lake-Hide-A-Way, Inc.; Crystal Systems Texas, Inc., Successor and Assignee of Crystal Systems, Inc.; Hide-A-Way Lake Homeowners, Inc.; James W. Fair.

The 1977 and 1984 transactions are the substance of plaintiffs' cause of action. They urge that the agreements violated the by-laws of the Club and a deed restriction concerning transfer of lots to non-members. They contend that the directors acted in violation of the terms and provisions of the by-laws. Plaintiffs further urge that the agreements provided for a substantial diversion of the corpus of the Club to a person who had made a substantial contribution to the Club and a transfer of a substantial amount of property owned by the Club for less than adequate consideration in violation of the Club's by-laws. They also contend that the deed restrictions which required that developed land should be utilized "so long as feasible" were violated. These contentions urged by plaintiffs in their pleadings are the basis urged in their motion for summary judgment which was denied.

Plaintiffs urge the following points of error:

## POINT I

The court erred in refusing to find that the Agreements of May 11, 1977, and October 30, 1984, violated Article III(a) and (b) of the By-laws of Hide-A-Way Lake Club, Inc. in that both Agreements provided for the granting of memberships in Hide-A-Way Lake Club, Inc. to persons who do not own lots in Hide-A-Way Lake or Lake Hide-A-Way Subdivisions.

## POINT II

The Trial Court erred in refusing to find that the Board of Directors of Appellee, Hide-A-Way Lake Club, Inc., was bound by the provisions of the By-laws of the Corporation.

## POINT III

The Court erred in refusing to find that the Agreements of May 11, 1977, and October 30, 1984, violated the restrictions affecting all of the subdivided lots in the Hide-A-Way Lake and Lake Hide-A-Way Subdivisions, which restrictions require that no sale or other disposition of any lot be consummated unless the purchaser or transferee has been accepted as a member of Hide-A-Way Club.

## POINT IV

The Court erred in refusing to find that a genuine issue of a material fact existed as to whether the Agreements of May 11, 1977, and October 30, 1984, provided for a substantial diversion of the corpus of the Club to a person who had made a substantial contribution to the Club or to a corporation controlled by such a person.

## POINT V

The Court erred in refusing to find that a genuine issue of a material fact existed as to whether the Agreements of May 11, 1977, and October 30, 1984, provided for the transfer of a substantial amount of property owned by the Club for less than adequate consideration.

## POINT VI

The Trial Court erred in refusing to find that the Agreement of October 30, 1984, providing for the conveyance by the Club of the airstrip, the boat landing area, and the 100 ft. × 500 ft. strip of land lying West of the Club's VFD building, violated the restrictions set out in the Deed of August 1, 1969, which required that the developed lands should be utilized, so long as feasible, for the same purposes for which they were originally developed and improved, and which required that the improvements not be completely removed from the Hide-A-Way Lake properties.

## POINT VII

The Trial Court erred in considering two Affidavits of Norman H. Vaneck which were filed in support of Appellees' Motion for Summary Judgment in that both Affidavits were based upon "hearsay."

Before considering the merits of plaintiffs' seven points of error, we will first

address a threshold issue raised by defendants. Defendants contend that the first six of plaintiffs' seven points of error complain solely of the court's *denial* of plaintiffs' motion for summary judgment, and fail to address the *granting* of defendants' motion for summary judgment. The defendants argue that plaintiffs' seventh point of error, which states that certain affidavits in support of defendants' motion were based on hearsay, likewise fails to specifically contest the granting of defendants' motion for summary judgment. Therefore, according to defendants, the plaintiffs' appeal should be dismissed based upon the holdings in *Ormsby v. Parker Square Bank,* 610 S.W.2d 246 (Tex.Civ.App.—Fort Worth 1980, no writ), and *Adams v. Parker Square Bank,* 610 S.W.2d 250 (Tex.Civ. App.—Fort Worth 1980, no writ).

In *Ormsby,* both parties moved for summary judgment with the trial court granting the Bank's motion and denying that of Ormsby. On appeal, Ormsby assigned no error for the granting of the Bank's motion but rather solely appealed the denial of his own motion. The Fort Worth Court of Civil Appeals held that Ormsby could not challenge the denial of his motion for summary judgment:

> The next question presented is whether Ormsby has sufficiently complained of the court's granting of the Bank's motion for summary judgment. His point of error does not challenge the granting of the summary judgment as being error. His point of error complains of not granting his motion for summary judgment. It may be that by implication he has reached the point of error that the Bank's motion should not have been granted. Also, in his prayer Ormsby requests that the judgment of the trial court be reversed and rendered for him. The action of the trial court in granting Bank's motion for summary judgment is not discussed anywhere in the argument or brief of Ormsby.

> In *Ackerman v. Vordenbaum,* 403 S.W.2d 362, 365 (Tex.1966) that court held:
>
> > The safer rule is one restricting the *Tobin-Garcia [Tobin v. Garcia,* 159

Tex. 58, 316 S.W.2d 396 (1955) ] doctrine to its factual situation and that disclosed in *Gulf, Colorado & Santa Fe Ry. Co. v. McBride,* [159 Tex. 442, 322 S.W.2d 492 (1958) ] that is, to cases in which motions for summary judgment have been filed by all of the real parties at interest and the appeal is prosecuted from a judgment granting one or more of them.

> We hold that since *Ormsby* has not challenged by point of error the granting of the summary judgment in favor of the Bank he cannot raise by point of error the denial of his motion for summary judgment.... Appeal dismissed.

*Ormsby v. Parker Square Bank,* supra at 248–49.

Similarly, in *Adams,* the Fort Worth Court of Civil Appeals held that the failure of Adams to contest the granting of Bank's motion for summary judgment necessitated the dismissal of Adams' appeal:

> It is by reference to [Adams'] brief that we have found absence of any complaint of error by the trial court in having granted summary judgment for his adversary. This fact is evidenced by the point and by the language thereunder to which we have referred to seek to determine whether there was any such complaint of error in the summary judgment which was granted to the defendant bank. Rather than any such complaint we find that appellant Adams has confined himself to point of error and complaint thereunder of no more than the court's failure to grant the motion for summary judgment filed by him.

> Could we have known of this at the time the clerk received the transcript in the case it would not have been filed, for an appeal does not lie from an order overruling a motion for summary judgment.

> Obviously it is the theory of [Adams] that because both he and his adversary filed motions for summary judgment, followed by order of the court granting the motion of his adversary and denying his own motion, he can predicate his appeal

solely upon the denial and disregard the motion granted. That is not the law.

Until there is successful attack made on appeal of the motion granted, with judgment entered in accord, the question does not exist as to whether the trial court should have granted the motion which was denied. In such a situation this court would lack authority to rule upon the contentions made of impropriety of the denial.... The appeal is dismissed.

*Adams v. Parker Square Bank*, supra at 250–51.

The law is settled in Texas that no appeal will lie for one party who has moved for summary judgment, with said motion being overruled, because it would be an interlocutory judgment only and not a final judgment. *Schlipf v. Exxon Corporation*, 644 S.W.2d 453, 454 (Tex.1982); *Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex.1980). However, when both parties file motions for summary judgment and one motion is granted and the other is overruled, the trial court's judgment becomes final and appealable. On appeal, the court of appeals must determine all questions presented, including the propriety of the order overruling the losing party's motion for summary judgment. *Tobin v. Garcia*, 316 S.W.2d 396, 400 (Tex.1958).

TEX.R.APP.P. 74(p) states that the appellate briefing rules are to be construed in a liberal fashion:

Briefing Rules to be Construed Liberally. *The purpose of briefs being to acquaint the court with the points relied upon,* the manner in which they arose, together with such argument of facts and law as will enable the court to decide the same, a *substantial compliance* with these rules will suffice in the interest of justice; but for a flagrant violation of this rule the court may require the case to be rebriefed. (Emphasis added)

See also *Charlie Thomas Courtesy Ford, Inc. v. Sid Murray Agency*, 517 S.W.2d 869, 872 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). The scope of the point of error and the matter presented for appellate review must be determined from an examination of the statement, argument, and authorities that the appellant urges in his brief in connection with that point. *O'Neil v. Mack Trucks, Inc.*, 542 S.W.2d 112, 114 (Tex.1976); *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478, 482 (1943); *Charlie Thomas Courtesy Ford, Inc. v. Sid Murray Agency*, supra at 872. See also *Pool v. Ford Motor Company*, 715 S.W.2d 629, 632–33 (Tex.1986).

We hold that the Fort Worth Court of Civil Appeals' holdings in *Ormsby* and *Adams* must be construed in harmony with TEX.R.APP.P. 74(p) set forth above. In the instant procedural context, this means that we must examine the plaintiffs' argument of facts and law under his points of error to determine whether he has challenged the granting of defendants' motion for summary judgment.

The plaintiffs' seven points of error are based upon the same contentions that plaintiffs urged in their response to defendants' motion for summary judgment. These same contentions also served as the basis of plaintiffs' motion for summary judgment. On appeal, plaintiffs once again asserted the same seven grounds as the basis of their points of error. The plaintiffs' brief closes with a prayer stating that:

The errors committed by the Trial Court amounted to a denial of the rights of Appellants and caused the rendition of an improper judgment in the case. Therefore, pursuant to the provisions of Rule 81(b) and (c), *Texas Rules of Appellate Procedure*, Appellants request the Court to reverse the Order of the Trial Court granting Appellees' Motion for Summary Judgment and to render Judgment that said Motion be overruled.

For the reasons stated, the judgment of the Trial Court should be reversed and rendered, with instructions that Appellants' Motion for Summary Judgment be sustained. In the alternative, the judgment of the Trial Court should be reversed and remanded for a trial by jury, because of the issues of fact which were raised, which must be decided by a jury.

It is obvious from the grounds asserted in plaintiffs' seven points of error, as well as in plaintiffs' prayer for relief, that plaintiffs are contesting both the denial of their motion for summary judgment *and* the granting of defendants' motion for summary judgment. We hold that plaintiffs have sufficiently "acquaint[ed] this court with the points relied upon," and have "substantially complied" with the briefing rules. TEX.R.APP.P. 74(p).

We will now consider the merits of plaintiffs' appeal. As noted above, the thrust of plaintiffs' first six points of error is that the trial court erred in granting defendants' motion for summary judgment and denying plaintiffs' motion for summary judgment.

In reviewing the propriety of the trial court's granting or denial of a motion for summary judgment, we must determine whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the movant's cause of action or defense. TEX.R.CIV.P. 166–A; *Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex.1970). Evidence favorable to the non-movant will be taken as true. *Wilcox v. St. Mary's University of San Antonio, Inc.*, 531 S.W.2d 589, 592–93 (Tex.1975). Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor.

A private, non-profit organization has the right to manage, within legal limits, its own affairs without interference from the courts. *Harden v. Colonial Country Club*, 634 S.W.2d 56, 59 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.); *Combs v. Texas State Teachers Association*, 533 S.W.2d 911, 913 (Tex.Civ.App.—Austin 1976, writ ref'd n.r.e.). However, where the actions of the organization are illegal, against some public policy, arbitrary, capricious, or fraudulent, judicial review of such actions is proper. *Harden v. Colonial Country Club*, supra at 60; *Combs v. Texas State Teachers Association*, supra at 913. See also *Brotherhood of Railroad Trainmen v. Price*, 108 S.W.2d 239, 242

(Tex.Civ.App.—Galveston 1937, writ dism'd).

Applying the above standards to the instant case, we hold that the summary judgment proof offered by defendants shows, as a matter of law, that defendants acted properly when they entered into the agreements with Hide-A-Way Lake, Inc., Lake-Hide-A-Way, Inc., and James Fair. The affidavits of Norman H. Vaneck, together with the minutes of board meetings and other summary judgment proof, established that the defendants' actions were not illegal, against some public policy, arbitrary, capricious, or fraudulent. *Harden v. Colonial Country Club*, supra at 60; *Combs v. Texas State Teachers Association*, supra at 913. Therefore, the trial court properly refused to interfere with the management of defendants' affairs. The trial court's granting of summary judgment in favor of defendants was proper. Conversely, the trial court's denial of plaintiffs' motion was also correct. Plaintiffs' first six points of error are overruled.

In Point of Error No. 7, plaintiffs contend that the trial court erred in considering two affidavits of Norman H. Vaneck which were filed in support of defendants' motion for summary judgment because both affidavits were allegedly based upon "hearsay." Vaneck's first affidavit contained, in his own words, factors considered by the board of directors of the Club in making their decision to relocate the airstrip. Vaneck's second affidavit contained copies of the minutes of several meetings of the board of directors of the Club.

Defendants contend that neither affidavit constitutes hearsay because such affidavits were not offered to prove the truth of the matters asserted, i.e., the advantages of the agreements. Instead, the defendants argue that the affidavits were offered to establish that the directors considered numerous factors and entered into the agreements in good faith. TEX.R.CIV.P. 166–A(e) sets forth the requirements of summary judgment affidavits:

Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge,

shall set forth *such facts as would be admissible in evidence,* and shall show affirmatively that the affiant is competent to testify to the matters stated therein.... (Emphasis added)

See also *Miller and Freeman Ford, Inc. v. Greater Houston Bank,* 544 S.W.2d 925, 926 (Tex.1976); *Crain v. Davis,* 417 S.W.2d 53, 55 (Tex.1967). An affidavit based upon hearsay is not sufficient to support a motion for summary judgment. See *Castillo v. Sears, Roebuck & Co.,* 663 S.W.2d 60, 63 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); *Nagelson v. Fair Park National Bank,* 351 S.W.2d 925, 929 (Tex.Civ.App.—Dallas 1961, writ ref'd n.r.e.); *Riggs v. Bartlett,* 310 S.W.2d 690, 693 (Tex.Civ.App.—Dallas 1957, writ ref'd n.r.e.).

Hearsay is defined by TEX.R.EVID. 801(d) as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Statements are not hearsay, therefore, if offered for a purpose other than to prove the truth of the matter asserted. *Turner, Collie & Braden v. Brookhollow, Inc.,* 642 S.W.2d 160, 167 (Tex.1982).

In the instant case, the affidavits supporting defendants' motion for summary judgment were offered to support the defendants' assertion that plaintiffs had failed to allege or offer proof of fraud, illegality, violation of public policy, or arbitrary or capricious action. Thus, such statements in the affidavits were offered to establish the good faith of the directors, rather than the truth of the matters asserted in the statements.

Further, the minutes of the board meeting attached to Vaneck's second affidavit constitutes a "record ... of a regularly conducted business activity" and would, therefore, be sufficient supporting evidence under the "business records" exception to the general hearsay rule. TEX.R.EVID. 803(6); *Gonzales v. American General Leasing & Financing Corporation,* 555 S.W.2d 197, 198 (Tex.Civ.App.—Waco 1977, no writ). See generally *Rio Grande Oil Co. v. State,* 539 S.W.2d 917, 923 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd

n.r.e.); *Amberson v. Wilkerson,* 285 S.W.2d 420, 423 (Tex.Civ.App.—Austin 1955, no writ). We hold that the trial court did not err in considering Vaneck's two affidavits and the board meeting minutes as support for defendants' motion for summary judgment. Plaintiffs' seventh point of error is overruled.

The judgment of the trial court is affirmed.

ARNOT, J., not participating.