

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00471-CV

CHAPPARAL OPERATING COMPANY                                    APPELLANT

V.

ENERGYPRO, INC.                                                APPELLEE

----------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
TRIAL COURT NO. CV16-0081

----------

## MEMORANDUM OPINION[1]

----------

This appeal arises from a dispute over unpaid operating costs and legal expenses associated with a Parker County oil-and-gas well. Chapparal Operating Company sued EnergyPro, Inc., a nonoperator working-interest owner, for breach of contract to collect monies allegedly due under the parties' joint

---

[1]*See* Tex. R. App. P. 47.4.

operating agreement, claiming that EnergyPro owed Chapparal nearly $11,000.[2] Chapparal also sought to foreclose a contractual lien created by the JOA and to recover its lawsuit-related attorney's fees.

EnergyPro moved for summary judgment on no-evidence grounds, arguing generally that no evidence existed to support the essential elements of Chapparal's breach-of-contract claim, and specifically that no evidence existed showing (1) that Chapparal had standing to sue, (2) that limitations had not expired, (3) that Chapparal had legally incurred any operating or legal expenses on EnergyPro's behalf, and (4) that Chapparal had properly served EnergyPro with its amended petition, which included a lien-foreclosure notice. Chapparal also moved for summary judgment, seeking judgment as a matter of law on its breach-of-contract claim.

The trial court denied Chapparal's motion and granted EnergyPro's motion without specifying the grounds for its ruling; ordered that Chapparal take nothing; and assessed court costs against Chapparal. Chapparal appealed.

Chapparal here challenges only the denial of its summary-judgment motion, phrasing its sole issue as follows: "The Court erred in denying Plaintiff's Motion for Summary Judgment and by failing to grant a judgment for damages

_____

[2]Chapparal's predecessor operator had been successfully sued by a drilling company that recovered contract damages and legal fees from that operator. Under the JOA, Chapparal attempted to recover EnergyPro's proportionate share of those fees, which Chapparal claimed were over $9,000 based on EnergyPro's 12+% working interest.

and attorney's fees." We have closely examined Chapparal's brief and do not see that Chapparal ever mentions, much less challenges, the granting of EnergyPro's motion, nor does Chapparal challenge or discuss any of EnergyPro's summary-judgment grounds.

When, as here, a party moves for summary judgment on multiple grounds and the trial court's summary-judgment order does not specify the ground (or grounds) on which it is based, the appellant must negate all possible grounds on which the order could be based. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied). To accomplish this, the law is "well-settled" that

> either (1) a specific assignment of error must be attributed to each ground on which a summary judgment could be based or (2) a general assignment that the trial court erred by granting summary judgment must be made, which permits the appellant to assert arguments against all grounds on which summary judgment could be based.

*Rollins v. Denton Cty.*, No. 02-14-00312-CV, 2015 WL 7817357, at *2 (Tex. App.—Fort Worth Dec. 3, 2015, no pet.) (mem. op.) (citing *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970)). When an appellant fails to challenge every ground on which the summary judgment could have been based, we must affirm, regardless of the unchallenged ground's merit. *Id.* (citing *Malooly*, 461 S.W.2d at 120–21; *Ramirez v. First Liberty Ins. Corp.*, 458 S.W.3d 568, 572 (Tex. App.—El Paso 2014, no pet.); *Strather v. Dolgencorp of Tex., Inc.*, 96 S.W.3d 420, 422–23 (Tex. App.—Texarkana 2002, no pet.)).

Chapparal does not raise a general issue or specific issues on appeal attacking the summary judgment in EnergyPro's favor; it challenged only the denial of *its* motion. When opposing parties each move for summary judgment and the court grants one motion and denies the other, the losing party cannot challenge only the denial of its motion; it must also challenge the granting of the other party's motion. *See Broesche v. Jacobson*, 218 S.W.3d 267, 274 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *Adams v. Parker Square Bank*, 610 S.W.2d 250, 250–51 (Tex. Civ. App.—Fort Worth 1980, no writ) (concluding that appellant could not raise by point of error the denial of his summary-judgment motion when appellant did not challenge by point of error the granting of appellee's summary-judgment motion); *see also Bullacher v. First Republic Bank*, No. C14-89-00015-CV, 1990 WL 4230, at *1–2 (Tex. App.—Houston [14th Dist.] Jan. 18, 1990, writ denied) (not designated for publication) (refusing to consider arguments regarding denial of appellants' summary-judgment motion because appellants did not challenge trial court's grant of appellees' summary-judgment motion); *cf. CU Lloyd's of Tex. v. Feldman*, 977 S.W.2d 568, 569 (Tex. 1998) (noting that summary-judgment denial was appealable because appellant appealed ruling granting appellee's summary-judgment motion).

Because Chapparal challenges only the trial court's denial of its summary-judgment motion without also challenging the granting of EnergyPro's motion, we

4

must affirm regardless of the relative merits of EnergyPro's motion. We thus overrule Chapparal's sole issue and affirm the trial court's judgment.[3]

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL: WALKER, MEIER, and KERR, JJ.

DELIVERED: October 26, 2017

---

[3]EnergyPro asks us to sever and remand to the trial court its attorney's-fee claim. But EnergyPro has no such claim. EnergyPro did request attorney's fees in its summary-judgment motion, and its attorney—in an affidavit attached to EnergyPro's response to Chapparal's summary-judgment motion—stated that EnergyPro was entitled to attorney's fees under section 37.009 of the civil practices and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2015) (permitting a trial court to award reasonable and necessary attorney's fees in a declaratory-judgment action). Nonetheless, EnergyPro did not affirmatively plead for attorney's fees, and neither party sought declaratory relief in this case.

5